*598 OPINION OF THE COURT
Angelo D. Roncallo, J.
Motion by defendant, Sunrise Hotel Corp., pursuant to CPLR 3211 (subd [a], par 7) and CPLR 3212, is granted.
This is an action to enforce a lease which was originally executed on January 1, 1975, between defendant, Sunrise Hotel Corp., as landlord, and 133 Sunrise Highway Corporation, as tenant, for a store to be occupied as a bar and restaurant. Said lease was for a term of years commencing from February 1, 1975 until February 28, 1982. In November of 1975, 133 Sunrise Highway Corporation sold the bar and restaurant to Anjo Restaurant Corp., plaintiff herein, and also assigned the leasehold estate to plaintiff, which assignment was consented to by the landlord, Sunrise Hotel Corp., pursuant to the terms of the lease. On January 18, 1977, plaintiff sold said bar and restaurant and assigned the lease to Tisket Restaurant Corp. (Tisket). The landlord consented to the assignment, but specifically reserved its right to require its written consent to any further assignments. Furthermore, said consent was made effective only if the assignee, Tisket, obtained the necessary liquor license to operate the bar as required by the lease. Although Tisket failed to obtain a liquor license, the landlord’s acceptance of rent from said assignee with full knowledge of the assignment constituted a waiver of any breach or right to forfeit with respect to the conditions precedent set forth in the lease (Conger v Duryee, 90 NY 594).
In assigning said leasehold estate, plaintiff transferred its entire right, title and interest in the premises to Tisket for the unexpired term of the original lease. In parting with its entire interest in the estate, it divested itself of the privity of estate although not with the privity of contract (South Bay Center v Butler, Herrick & Marshall, 43 Misc 2d 269). Furthermore, there is no evidence in the papers submitted to suggest that plaintiff retained any reversionary interest in the leasehold estate so as to effectuate a sublease rather than an assignment (Stewart v Long Is. R. R. Co, 102 NY 601). Plaintiff merely transferred an existing estate to Tisket, who became the tenant, and was thereby liable to the landlord for the payment of rent, such a transfer having created privity of estate between Tisket and Sunrise once Tisket entered into possession (see Collins v Hasbrouck, 56 NY 157). However, as *599 plaintiff remained in privity of contract, it was ultimately liable for the payment in the event of Tisket’s default.
Tisket gave to plaintiff, as part of the purchase price of the bar and restaurant, a series of promissory notes. Said notes were secured by a security assignment which provided for a reassignment of the leasehold estate to plaintiff, allegedly entitling plaintiff to re-enter the premises in the event Tisket defaulted on the notes. The landlord neither consented to nor was made aware of said security assignment. The security assignment between plaintiff and Tisket did not constitute a retention of a reversionary interest in the premises, but was a separate agreement which, in effect, attempted to transfer the estate of which Tisket was the existing assignor to plaintiff, as assignee. Said security assignment was to become null and void upon full payment by Tisket of the subject promissory notes.
On May 5, 1978, Sunrise and Tisket entered into an agreement, without plaintiff’s knowledge, modifying the original lease to the extent of providing the landlord, Sunrise, with a right to terminate the lease at any time during the remaining term upon 60 days’ written notice to Tisket. By notice in writing dated August 15, 1978, Sunrise elected to terminate the lease effective October 20, 1978, as it had entered into a contract to sell the premises on August 10, 1978.
Tisket defaulted in the payments on the promissory notes to plaintiff for the months of June, July and August. Furthermore, Tisket defaulted on the rent payments to Sunrise on or about July 1, 1978, and every month thereafter. Sunrise brought nonpayment eviction proceedings against Tisket and said judgment obtained was executed on September 26, 1978, thereby terminating the lease and all rights thereto (Real Property Actions and Proceedings Law, § 749, subd 3). While many legal and equitable issues have been raised by both parties, the facts are essentially incontroverted and no issues exist which warrant a trial.
Plaintiff, who is now in possession of the lease, contends that it is entitled to re-enter the subject premises upon repayment of the rent arrears to Sunrise by virtue of the security assignment and the default in payment of the notes by Tisket. Plaintiff further contends that by virtue of the security assignment, it held the leasehold estate as mortgagee and had an equitable lien in its favor for the unpaid purchase money in the nature of a vendor’s lien (34 NY Jur Landlord and *600 Tenant, § 234). As such, plaintiff asserts that defendant landlord Sunrise had no right to terminate the estate without plaintiff’s consent.
We find plaintiff’s contentions to be without merit.
Plaintiff parted with his entire interest in the leasehold estate in assigning the lease to Tisket. The landlord’s consent was never obtained to effectuate a further assignment in compliance with the terms of the lease, nor was Sunrise made aware of the said security assignment. It shall be noted that a covenant against assignment without the written consent of the landlord has been regarded as a valued right and is protected and enforced by courts of equity (Glauberman v University Place Apts., 188 Misc 277, affd 272 App Div 758). Furthermore, Sunrise, as landlord, was entitled to modify the lease without notice to plaintiff and without plaintiff’s consent as plaintiff was no longer a tenant in privity of estate. Thus, the landlord had the right to terminate the lease pursuant to the modification agreement which had been validly entered into by Tisket and Sunrise.
While plaintiff asserts an equitable lien in the nature of a vendor’s lien as purported mortgagee of the leasehold, such a lien was not recorded and Sunrise not having had notice thereof is not bound thereby.
Moreover, and in any event, the execution on the warrant of eviction terminated the leasehold estate precluding plaintiff from asserting any rights with respect thereto. Sunrise was under no duty to attempt to collect rent arrears from plaintiff prior to instituting eviction proceedings, especially since Sunrise had no knowledge that plaintiff claimed to be an interested party. Further, plaintiff never attempted to take possession of the premises to tender payment of rent, or to notify Sunrise of its assertion of interest pursuant to said security assignment. Landlord, Sunrise, having acknowledged only that plaintiff had relinquished all interest in the estate, was under no obligation to notify plaintiff of the termination of the lease.
Thus, the lease having been validly and effectively terminated, plaintiff may not now assert his rights to re-enter the premises for the balance of the term.
Accordingly, as no issues of fact exist, judgment is rendered in favor of defendant, Sunrise Hotel Corp., dismissing the complaint.