LEAVY, District Judge:
Bill Barry Enterprises, Inc. (Barry) appeals from the district court’s order dismissing its petition for reinstatement of his lease. Barry originally filed the petition in California state court. Appellees, Thomas Wilson and Marilyn Grandon (Wilsons), removed the state court petition to federal district court. The district court dismissed the petition for lack of subject matter jurisdiction. We reverse the dismissal and remand to the district court.
*860 FACTS AND PROCEDURAL HISTORY
The Wilsons own an eight and one-half acre parcel of land which was leased to Barry in 1968. The lease term was for fifty-five years with rent to be recalculated every ten years; yearly rent was to be six percent of the fair market value of the underlying land.
In 1982, Barry filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101, in the United States Bankruptcy Court for the Central District of California. Subsequently, Barry obtained approval from the bankruptcy court to assume the lease.
When the time came to recalculate the lease rental in 1983, the Wilsons and Barry could not agree on the appropriate rent. As a consequence, the Wilsons filed a complaint for relief from the automatic stay in the bankruptcy court. The bankruptcy court determined in January, 1984, that appropriate rent was $30,000 per month. In the event that Barry did not make the rental payments, the court granted the Wilsons relief from the automatic stay to file an unlawful detainer action in state court. Barry appealed the order and the district court affirmed.
When Barry failed to make payments on the lease, the Wilsons filed an unlawful detainer action in the Orange County Superior Court and sought to have the lease terminated. At the same time, the Wilsons filed an action in bankruptcy court for payment of back rent.
The bankruptcy court ruled in the Wilsons’ favor and ordered Barry to pay the outstanding rent. The Wilsons attempted to execute on the court’s order by levying on Barry’s bank account. Before execution, Barry removed the funds from the bank, in violation of a court order. As a result of Barry’s action, the bankruptcy court appointed a trustee for Barry’s bankruptcy estate.
The Wilsons prevailed in their unlawful detainer action in state court in two separate trials, one against Barry and one against the trustee. Judgment was entered against Barry on October 3, 1985, and against the trustee on November 8, 1985. On December 9, 1985, Barry filed a petition in state court seeking reinstatement of the lease under Cal.Civ.Proc.Code § 1179 (West 1982).[1] A declaration of the trustee was attached to the petition. Therein the trustee stated: “there is sufficient cash on hand to satisfy additional claims for rent, if any, made by the Wilsons as a condition to reinstating the lease.”
The Wilsons removed the petition for reinstatement to the United States District Court for the Central District of California. Once in federal court, the Wilsons moved to dismiss the petition for lack of jurisdiction.
The Wilsons made three arguments in support of their motion to dismiss. First, they argued that the state court lacked jurisdiction because the petition infringed upon the exclusive jurisdiction of the bankruptcy court. Because the federal court’s jurisdiction was derived from the state court, it also lacked jurisdiction. Second, the Wilsons argued that the trustee, rather than Barry, was the real party in interest, and that Barry had no authority to file the petition. Third, they argued that the petition was untimely because it was filed more than thirty days after the judgment rendered against Barry.
The district court held that the state court, and therefore the district court, *861 lacked jurisdiction over the petition for reinstatement. The district court found that the petition involved matters critical to administration of the bankruptcy estate. The district court stated, that these matters fall within the jurisdiction only of the federal court, and that “only through federal abstention may a state court acquire jurisdiction to hear these matters.”
In this appeal, Barry challenges the district court’s ruling dismissing the petition for reinstatement of the lease for lack of jurisdiction. The Wilsons submit as bases for affirming the district court’s ruling all three grounds previously advanced.
DISCUSSION
Jurisdiction. The jurisdiction of a federal court over an action removed from a state court is derivative in nature. State of Washington v. American League of Professional Baseball Clubs, 460 F.2d 654, 658-59 (9th Cir.1972). “If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction.” Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co., 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922). Thus, in reviewing the district court’s dismissal of Barry’s petition, we must determine whether the state court had jurisdiction over the petition.[2]
Upon commencement of a bankruptcy proceeding the bankruptcy court obtains jurisdiction over the estate of the debtor. Callaway v. Benton, 336 U.S. 132, 142-43, 69 S.Ct. 435, 441-42, 93 L.Ed. 553 (1949). Property of the estate includes “all legal or equitable interests of the debtor in property.” 11 U.S.C. § 541(a)(1). These interests of the debtor are “created and defined by state law.” Butner v. United States, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). Because Barry had a right under California law to seek relief from the forfeiture of its lease with the Wilsons, this right is property of the estate. Cf In re Norma E. Worchester, 811 F.2d 1224, 1228 (9th Cir.1987) (property of debtor includes right under California law to set aside foreclosure sale).
“[T]he statutory authorization for relief from forfeiture is part of the unlawful detainer statutes.” Childs v. Eltinge, 29 Cal.App.3d 843, 852 n. 8, 105 Cal.Rptr. 864 (1973). Section 1174 allows the landlord to seek forfeiture of the lease; section 1179 gives the tenant the right to seek relief from forfeiture in the case of hardship. Section 1179 applies only to unlawful detainer proceedings, Hignell v. Gebala, 90 Cal.App.2d 61, 70, 202 P.2d 378 (1949), and is the exclusive method of seeking relief from forfeiture. Boston Properties v. Pirelli Tire Corp., 134 Cal.App.3d 985, 995, 185 Cal.Rptr. 56 (1982). Because of this statutory structure, the bankruptcy court’s lifting of the automatic stay to allow the Wilsons to seek termination of the lease included Barry’s right to petition for relief from termination, if declared. Thus, while the bankruptcy court had jurisdiction over Barry’s right to seek reinstatement, it relinquished its jurisdiction when it granted relief from the automatic stay. As a consequence, the Orange County Superior Court had jurisdiction to hear Barry’s petition.
Timeliness. The issue whether Barry’s petition was untimely filed is best determined by the state court on remand.
Proper Party. The Wilsons contend that Barry is not a proper party to petition for reinstatement. Section 1179 provides, in pertinent part, that “[t]he application [for relief from forfeiture] may be made by ... any person in interest in the continuance of the term.” Because Barry has such an interest, it is a proper party to petition for reinstatement. While section *862 1179 does require that any grant of reinstatement be conditioned on “full payment of rent due ... so far as the same is practicable,” the trustee has declared that the bankruptcy estate has assets sufficient to cover the rent due. The issue in the state court is not how properly to administer the estate, nor is that the issue in this •appeal.
CONCLUSION
We reverse the district court’s dismissal of Barry’s petition for lack of jurisdiction, and remand to the district court with instructions to remand to the state court.

. Section 1179 provides: The Court may relieve a tenant against a forfeiture of a lease, and restore him to his former estate, in case of hardship, where application for such relief is made within thirty days after the forfeiture is declared by the judgment of the Court, as provided in section one thousand one hundred and seventy-four. The application may be made by a tenant or sub-tenant, or a mortgagee of the term, or any person interested in the continuance of the term. It must be made upon petition, setting forth the facts upon which the relief is sought, and be verified by the applicant. Notice of the application, with a copy of the petition, must be served on the plaintiff in the judgment, who may appear and contest the application. In no case shall the application be granted except on condition that full payment of rent due, or full performance of conditions or covenants stipulated, so far as the same is practicable, be made.

. • In 1986 Congress amended 28 U.S.C. § 1441 and eliminated the derivative character of removal jurisdiction. Now, federal courts may acquire jurisdiction over claims in which the State court lacks jurisdiction. 28 U.S.C. § 1441(e) (West Supp.1987). Section 1441(e) applies, however, only to claims commenced in State court on or after June 19, 1986. Because Barry filed its claim for reinstatement of the lease on December 9, 1985, the claim is not governed by the amended version of Section 1441.