[No. A046396. First Dist., Div. Two. Apr. 26, 1990.]

366-386 GEARY STREET, L.P., Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
S. J. MONRO et al., Real Parties in Interest.

**COUNSEL**

Ernest J. Beffel, Jr., Michael A. Gevertz and Hancock, Rothert & Bunshoft for Petitioner.

No appearance for Respondent.

Richard N. Rapoport, Robert L. Rusky, Larry A. Rosenthal and Hanson, Bridgett, Marcus, Vlahos & Rudy for Real Parties in Interest.

**OPINION**

BENSON, J.—Petitioner 366-386 Geary Street, L. P., seeks a writ of mandate and/or prohibition directing respondent superior court to vacate a preliminary injunction it granted to real parties Monro, Thrasher, and Abrahamson (MTA). That injunction prevents petitioner from removing or altering trade fixtures at Rosebud's English Pub (Rosebud's) in San Francisco. Petitioner also seeks an appropriate writ prohibiting further proceedings in the superior court on real parties' petition for relief from forfeiture of Rosebud's lease, brought under Code of Civil Procedure section 1179.

We grant the requested relief.

### STATEMENT OF FACTS

Petitioner 366-386 Geary Street limited partnership is the owner and lessor of real property located at 370 Geary Boulevard, San Francisco, the

location of Rosebud's. Petitioner's predecessor in interest, the J.D. Grant Company, originally leased the premises to real parties Monro and Thrasher in 1975 for a term of approximately 21 years. Monro and Thrasher later assigned the lease to 370 Geary, Inc., which they and Abrahamson owned and operated with their wives.

In 1985, 370 Geary, Inc. assigned Rosebud's lease to Paem Corporation (Paem). In that transaction, Paem gave 370 Geary, Inc. a promissory note, secured by both the lease and trade fixtures at Rosebud's. 370 Geary, Inc. later assigned Paem's note to real parties MTA and their wives.

After Paem defaulted on the note, real parties brought the present action. On June 8, 1988, they obtained a default judgment of foreclosure and order of sale against Paem. However, real parties never foreclosed.

On June 9, 1988, J.D. Grant Company filed an unlawful detainer action against Paem to recover the premises. On the trial date, Paem filed a chapter 11 bankruptcy petition. (*In re Paem Corp.* (Bankr. N.D. Cal.) No. 3-89-00077-LK.)

During the bankruptcy proceedings, Paem moved for an order approving assumption of the unexpired lease and granting relief from forfeiture. In that motion, Paem sought approval for the bankruptcy trustee to assume its lease of Rosebud's. The motion was opposed by the lessor. Real parties did not appear or participate in the proceedings on Paem's motion.

By order entered May 8, 1989, the bankruptcy court denied Paem's motion. Specifically, the court: (1) rejected the lease between Paem and 366-386 Geary Street; (2) ordered Paem to immediately surrender Rosebud's to the lessor; and (3) lifted the automatic bankruptcy stay to whatever extent necessary for the lessor to obtain possession of the premises.

On June 7, 1989, real parties filed a petition for relief from lease forfeiture in the present action, pursuant to Code of Civil Procedure section 1179 (section 1179).[1] Their petition asked the court to "restore" real parties to

---

[1] Code of Civil Procedure section 1179 provides that: "The court may relieve a tenant against a forfeiture of a lease, and restore him to his former estate, in case of hardship, where application for relief is made within thirty days after the forfeiture is declared by the judgment of the court, as provided in section one thousand one hundred seventy-four. The application may be made by a tenant or subtenant, or a mortgagee of the term, or any person interested in the continuance of the term. It must be made upon petition, setting forth the facts upon which the relief is sought, and be verified by the applicant. Notice of the application, with a copy of the petition, must be served on the plaintiff in the judgment, who may appear and contest the application. In no case shall the application be granted except on condition

Paem's former leasehold and to award them possession of the premises and fixtures at Rosebud's. Real parties thus sought to protect their prior security interest in the leasehold and fixtures.

Real parties also sought ex parte injunctive relief. They requested a preliminary injunction prohibiting the lessor from removing or otherwise altering the condition of the fixtures at Rosebud's for 15 days or until the court decided their petition for relief from forfeiture. Petitioner 366-386 Geary Street's counsel appeared at the ex parte hearing and was personally served with the section 1179 petition, a notice of hearing scheduled for June 22, 1989, and supporting papers. The superior court issued the preliminary injunction. It later granted 366-368 Geary Street's application to continue the hearing to July 20, 1989.

Before that hearing could take place, 366-368 Geary Street filed its petition with this court and sought an immediate stay of the hearing. We granted the stay and ordered real parties to show cause why a peremptory writ of mandate should not issue as prayed for in the petition.

DISCUSSION

1. *Personal Jurisdiction*

 Petitioner asserts that the superior court lacks personal jurisdiction over it to decide either the application for injunctive relief or the petition for relief from forfeiture. Petitioner was never served with summons in this action and argues it has only appeared specially to contest jurisdiction.

Unlike a special appearance to challenge jurisdiction, a general appearance is the equivalent of personal service of summons for jurisdictional purposes, dispensing with any need to effect such service and curing defective service or other lack of notice. (Code Civ. Proc., § 410.50, subd. (a); 2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 147, p. 532.) To determine whether petitioner has made a general appearance, we do not look to whether it characterizes its appearances as "general" or "special." Instead, we must look to the "character of the relief asked." (*California Overseas Bank* v. *French American Banking Corp.* (1984) 154 Cal.App.3d 179, 184-185 [201 Cal.Rptr. 400], quoting *Hernandez* v. *National Dairy Products* (1945) 126 Cal.App.2d 490, 492 [272 P.2d 799].) An appearance is general if the party contests the merits of the case or raises other than jurisdictional objections. (*Lacey* v. *Bertone* (1949) 33 Cal.2d 649, 651-652

---

that full payment of rent due, or full performance of conditions or covenants stipulated, so far as the same is practicable, be made."

[203 P.2d 755]; *California Overseas Bank* v. *French American Banking Corp., supra,* 154 Cal.App.3d at p. 184.)

 In both this court and the superior court, petitioner argues that relief from forfeiture under section 1179 is unavailable because: (1) the petition for relief is not based on an unlawful detainer judgment; (2) petitioner is not a "plaintiff in judgment" as required under section 1179; and (3) the tenant, Paem, cannot be restored to its former leasehold because the issue has previously been decided by the bankruptcy court. Petitioner also contends the superior court erred by failing to require a bond and by failing to include a specific expiration date in the preliminary injunction. Such arguments go beyond jurisdictional issues, to the substance and/or procedural aspects of real parties' claims.[2] Petitioner has thus made a general appearance and waived any personal jurisdictional objections.

## 2. *Subject Matter Jurisdiction*

Under its broad grant of general jurisdiction (Cal. Const., art. VI, § 10), the superior court has subject matter jurisdiction to decide petitions for relief from forfeiture and related applications for injunctive relief. Both remedies are specifically provided for by statute. (Civ. Code, § 3420 et seq.; Code Civ. Proc., § 1179.) Petitioner, however, contends the bankruptcy court has exclusive subject matter jurisdiction over both the trade fixtures at Rosebud's and Paem's lease with petitioner.[3]

## A. *The Trade Fixtures*

 The parties agree the trade fixtures at Rosebud's were owned by Paem and became part of the bankruptcy estate when Paem filed its chapter 11 petition. The bankruptcy court's order rejecting the lease deals only with possession of the premises. It is silent on Paem's trade fixtures and does not

---

[2] Petitioner also sought and obtained an order continuing the hearing on real parties' petition for relief, which itself constitutes a general appearance. (*Zobel* v. *Zobel* (1907) 151 Cal. 98, 101 [90 P. 191]; *In re Marriage of Smith* (1982) 135 Cal.App.3d 543, 547 [185 Cal.Rptr. 411].)

[3] Petitioner also argues that real parties' failure to state a claim under section 1179 divests the superior court of subject matter jurisdiction. However, failure to state a cause of action or to satisfy statutory conditions precedent to relief does not go to the subject matter jurisdiction of the court. (See *Fredrickson* v. *Superior Court* (1952) 38 Cal.2d 593, 598 [241 P.2d 541]; *Redlands etc. Sch. Dist.* v. *Superior Court* (1942) 20 Cal.2d 348, 360 [125 P.2d 490].) Petitioner further contends the bankruptcy court's purported ruling against real parties on issues they now attempt to relitigate defeats subject matter jurisdiction. However, res judicata and collateral estoppel are ordinary defenses which do not go to subject matter jurisdiction. (*Baird* v. *Superior Court* (1928) 204 Cal. 408, 412 [268 P. 640]; *Carter* v. *Superior Court* (1956) 142 Cal.App.2d 350, 358 [298 P.2d 598].)

lift the automatic stay as to those items. Nothing in the record indicates the bankruptcy has been dismissed.

Under federal law, "The district court in which a case under title 11 is commenced or is pending shall have *exclusive* jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." (28 U.S.C. § 1334(d), italics added.) Congress has thus granted the bankruptcy courts the broadest jurisdiction possible over property of the bankruptcy estate and over any controversies surrounding or involving that property. (1 King, Collier on Bankruptcy (15th ed. 1989) ¶ 3.01, p. 3-13.)

Given these provisions of federal law, and the mandate of the supremacy clause (U.S. Const., art. VI, § 2), the bankruptcy court continues to have exclusive jurisdiction over Paem's trade fixtures. The superior court was without subject matter jurisdiction when it granted injunctive relief concerning possession and control of those fixtures. The preliminary injunction is therefore void and unenforceable. (See *Kee* v. *Becker* (1942) 54 Cal.App.2d 466, 469 [129 P.2d 159].)[4]

Real parties' petition for relief from forfeiture also seeks possession of the trade fixtures. As with injunctive relief, however, the superior court lacks subject matter jurisdiction to decide who is entitled to possession of this property of the bankruptcy estate. (28 U.S.C. § 1334(d).)[5]

## B. *The Lease*

The other objective of real parties' petition is to obtain an order permitting them to take over Paem's lease. The lease was originally part of the bankruptcy estate. However, the lease was rejected, Paem was ordered to turn over the premises to petitioner, and the automatic stay was lifted "to whatever extent necessary for lessor to regain possession of the Premises."

Lifting the automatic stay to permit unlawful detainer proceedings revests jurisdiction in the state courts to consider a petition for relief from the forfeiture of the lease. (*Wilson* v. *Bill Barry Enterprises, Inc.* (9th Cir. 1987) 822 F.2d 859, 861.) In *Wilson*, a lessee filed a chapter 11 proceeding and

---

[4] Accordingly, we need not reach the other issues raised in the petition concerning injunctive relief. We nevertheless note that the grant of a preliminary injunction in the absence of any complaint for injunctive relief, and the failure to require a bond also render the injunction void. (Code Civ. Proc., §§ 527, subd. (a), 529, subd. (a).)

[5] Moreover, "any act to obtain possession of property of the estate or of property from the estate *or to exercise control over property of the estate*" is automatically stayed by Paem's bankruptcy filing. (11 U.S.C. § 362(a), italics added.)

obtained the bankruptcy court's approval to assume the lease. The court granted the lessor relief from the automatic stay to commence state court proceedings to recover possession of the property if the lessee defaulted on the rent. After defaults on the rent, the lessor prevailed in state court proceedings against the lessee. The lessee then petitioned the state court for relief from forfeiture under California Code of Civil Procedure section 1179. After removal on the grounds of diversity, the federal district court dismissed the petition on the ground relief from forfeiture under section 1179 was within the exclusive subject matter jurisdiction of the bankruptcy court. (*Id.* at pp. 860-861.) The Ninth Circuit, however, reversed, holding that by lifting the automatic stay, the bankruptcy court relinquished any subject matter jurisdiction it may have had over the lease to the California courts. (*Id.* at p. 861.)

In the present case, the bankruptcy court not only lifted the automatic stay, as in *Wilson,* but it expressly rejected the lease as property of the bankruptcy estate. Thus, under *Wilson,* the bankruptcy court relinquished any jurisdiction it had.

Moreover, once the lease was rejected, the bankruptcy court itself lacked subject matter jurisdiction over controversies regarding the lease. Federal bankruptcy jurisdiction is limited as follows:

"(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

"(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." (28 U.S.C. § 1334.)

Accordingly, the federal district courts, and the bankruptcy courts to which they refer matters, have exclusive jurisdiction only over "cases under title 11," i.e., the bankruptcy proceeding itself. (*In re Alexander* (D.N.D. 1985) 49 Bankr. 733, 735.) Real parties' petition for relief from forfeiture in the superior court is obviously distinct from Paem's bankruptcy proceedings. The bankruptcy court thus does not have exclusive jurisdiction over the petition.

Neither does the bankruptcy court have original jurisdiction. The section 1179 petition is not "arising under" or "arising in cases under" a title 11 bankruptcy proceeding. Such civil proceedings are defined as "core" pro-

ceedings which are, in turn, defined as those which would have no existence outside bankruptcy proceedings. (28 U.S.C. § 157(b); *In re Seton-Scherr, Inc.* (N.D. Ohio 1983) 26 Bankr. 563, 564.) Clearly, a petition for relief under section 1179 can be maintained outside bankruptcy proceedings.

The only other possible basis for original jurisdiction in the bankruptcy court is if the relief from forfeiture petition is "related to" Paem's bankruptcy proceedings. (28 U.S.C. § 1334(b).) However, the bankruptcy court rejected the lease and lifted the automatic stay. Petitioner and real parties are therefore simply competing stakeholders, strangers to the bankruptcy proceedings, asserting state law claims to a nonbankruptcy asset. (See *In re Alexander, supra*, 49 Bankr. at p. 737; *In re Dr. C. Huff Co., Inc.* (W.D. Ky. 1984) 44 Bankr. 129, 134-135 [proceedings to determine lien priority between creditors over an asset excluded from the bankruptcy estate are not "related to" the chapter 11 case for purposes of bankruptcy jurisdiction].)

Once it lifted the stay and rejected the lease, the bankruptcy court thus had no subject matter jurisdiction over state law claims concerning that lease. The superior court therefore would have subject matter jurisdiction to decide that portion of the section 1179 petition unrelated to Paem's trade fixtures.

### 3. *The Bankruptcy Court's Rejection of the Lease*

▇ Petitioner argues that by rejecting the lease, the bankruptcy court extinguished real parties' security interest in that lease which, in turn, defeats any right to seek relief under section 1179. We agree real parties' security interest has been extinguished. However, the fact a mortgagee loses its security as a result of lease forfeiture does not, standing alone, preclude relief under section 1179.

Once the bankruptcy court rejected the lease, the bankruptcy trustee (and, thus, the debtor) no longer had any right, title, or interest in the lease or its proceeds. (See *In re Lovitt* (9th Cir. 1985) 757 F.2d 1035, cert. den. *sub nom. Cheadle et ux.* v. *Appleatchee Riders Assn. et al.,* 474 U.S. 849 [88 L.Ed.2d 120, 106 S.Ct. 145].) The bankruptcy court's order extinguishing Paem's interest in the lease must be given full faith and credit by the California courts. (*Levy* v. *Cohen* (1977) 19 Cal.3d 165, 172-173 [137 Cal.Rptr. 162, 561 P.2d 252]; *Superior Motels, Inc.* v. *Rinn Motor Hotels, Inc.* (1987) 195 Cal.App.3d 1032, 1057 [241 Cal. Rptr. 487].)

The court order terminating Paem's interest in the leasehold extinguished real parties' security interest in the lease as well. (*In re Giles Associates, Ltd.* (W.D.Tex. 1988) 92 Bankr. 695, 696 [rejection terminates lease as to all

parties, including mortgagee of debtor]; *In re Gillis* (D.Hawaii 1988) 92 Bankr. 461, 465-466 [termination of lease extinguished bank's security interest in lease since there was no remaining leasehold ·interest to which its security interest could attach]; *In re Bernard* (D.Hawaii 1986) 69 Bankr. 13, 14-15 [allowing leasehold mortgage to exist after rejection of lease would frustrate the purpose of bankruptcy statutes]; *Anjo Restaurant Corp.* v. *Sunrise Hotel Corp.* (1979) 92 Misc. 2d 597 [414 N.Y.S.2d 265] [where leasehold is terminated, secured party with assignment of lease is precluded from asserting any right in the leasehold]; see 3 Powell on Real Property (1987) ¶ 461, p. 37-287 [". . . a mortgage ceases to have consequence as an interest in land whenever the mortgagor's interest in the premises ends, as where a mortgagor-lessee surrenders the leased premises to his landlord"].)

However, real parties' loss of their security interest in the leasehold cannot, in and of itself, prevent them from seeking equitable relief from forfeiture. Under section 1179, there must be a judgment of forfeiture before a mortgagee can petition for relief from that forfeiture. Thus, whenever a mortgagee seeks such relief, its security interest in the leasehold will, by definition, already have been extinguished by the judgment of forfeiture. It would therefore render section 1179 meaningless to hold, as petitioner suggests, that mortgagees whose security interests have been lost by lease forfeiture lack standing to petition for relief from that forfeiture.

The bankruptcy court's order rejecting the lease therefore does not, standing alone, defeat real parties' right to seek relief under section 1179.[6]

4. *Availability of Section 1179 Relief*

■ Notwithstanding the foregoing, relief from forfeiture under section 1179 is simply unavailable under the facts of this case. By its clear terms, section 1179 provides a means by which a tenant can be restored to its former estate. However, real parties, as mortgagees of the lessee Paem, are not tenants seeking to be restored to a leasehold estate they lost through forfeiture. Real parties do not seek to have Paem restored to its former leasehold. Instead, they seek to put themselves in possession based on their

---

[6]We do not have a complete record of what transpired in the bankruptcy court. However, in deciding Paem's motion for an order to assume the lease and to grant relief from forfeiture, the court necessarily applied state law principles to determine whether Paem was entitled to relief under section 1179. (*In re Windmill Farms, Inc.* (9th Cir. 1988) 841 F.2d 1467, 1471-1472.) Real parties did not appear in the bankruptcy proceedings in connection with Paem's motion. The court therefore would not have decided whether real parties, as opposed to Paem, were entitled to relief under that statute. Thus, the bankruptcy court's ruling on Paem's right to equitable relief has no res judicata or collateral estoppel effect as to real parties.

former security interest in the lease. Nothing in the statute authorizes such relief.

Further, section 1179 relief applies only to unlawful detainer proceedings. (*Hignell* v. *Gebala* (1949) 90 Cal.App.2d 61, 70 [202 Cal.Rptr. 378].) While petitioner commenced an unlawful detainer action, it was stayed by Paem's bankruptcy filing. No judgment of forfeiture under section 1174 has ever been rendered, as required by section 1179. The statute also requires that the petition for relief be filed and served on the plaintiff lessor as part of the lessor's unlawful detainer action. The petition in the present case, on the other hand, was filed in real parties' judicial foreclosure action against Paem. The petition is thus brought in an action in which the lessor is not even a party.[7]

To permit section 1179 relief under the facts of the present case would be to ignore that section's express terms and effectively rewrite the statute. While real parties are not entitled to relief under section 1179, they had other means of protecting their security interest in the lease.[8] For whatever reasons, they failed to pursue their other, more appropriate, avenues of relief.

5. *Relief From Forfeiture Under Civil Code Section 3275*

■ In points and authorities filed with this court, real parties argue for the first time that they are entitled to relief from forfeiture under Civil Code section 3275.[9] However, real parties failed to adequately raise this issue in the superior court, and it may not be raised for the first time on appeal.

A notice of motion must state in writing the "grounds upon which it will be made." (Code Civ. Proc., § 1010; Cal. Rules of Court, rule 311(a); *Silva* v. *Holland* (1888) 74 Cal. 530, 532 [16 P. 385].) Generally, the trial court may only consider those grounds specified in the notice. (*Gonzales* v. *Superi-*

---

[7] Any attempt by real parties to refile their section 1179 petition in petitioner's unlawful detainer action against Paem would be unavailing since no judgment of forfeiture under section 1174 has been rendered, as required by section 1179.

[8] For example, real parties failed to execute on their judgment of foreclosure against Paem. Once Paem filed for bankruptcy, real parties also could have sought relief from the automatic stay to execute on their judgment. Similarly, real parties could have sought abandonment of the lease under 11 United States Code section 554(b), which would have afforded some protection for their security interest. (See *In re Bernard* (D.Hawaii 1986) 69 Bankr. 13, 15.) Finally, real parties could have appeared in conjunction with Paem's motion to assume the lease and supported that motion.

[9] Civil Code section 3275 provides that: "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty."

*or Court* (1987) 189 Cal.App.3d 1542, 1545 [235 Cal.Rptr. 106]; cf. *Carrasco v. Craft* (1985) 164 Cal.App.3d 796, 808 [210 Cal.Rptr. 599].)

Real parties' notice of hearing on their petition for relief from forfeiture contains no reference to proceeding under Civil Code section 3275. Instead, the notice specifically states that real parties are entitled to relief "pursuant to Code of Civil Procedure 1179."

The failure to expressly state a ground for recovery does not in every case preclude recovery on the omitted ground: "Even though the notice of motion fails to state a particular ground for the motion, where the notice states . . . that the motion is being made upon the notice of motion and accompanying papers and the record, *and these papers and the record support that particular ground,* the matter is properly before the court and the defect in the notice of motion should be disregarded." (*Carrasco v. Craft, supra,* 164 Cal.App.3d at p. 808, italics added, citing *Savage v. Smith* (1915) 170 Cal. 472, 474 [150 P. 353].)

Real parties' notice of hearing states that, "[t]he application will be based on a petition, a memorandum of points and authorities in support thereof, and the declaration of S. J. MONRO . . . ." However, the supporting papers referred to do not cure the defective notice by adequately supporting relief under Civil Code section 3275. The single reference to section 3275 in any of real parties' moving papers is in the caption of the petition for relief itself. The petition, however, contains no other reference to, or discussion of, that statute. Similarly, the supporting points and authorities make no mention of section 3275. Instead, the argument focuses solely on relief under Code of Civil Procedure section 1179. The papers submitted in support of real parties' application for injunctive relief likewise never refer to section 3275. To the contrary, real parties refer to "Section 1179, under which Petitioners seek equitable relief from lease forfeiture."

The papers submitted to the superior court simply do not support relief from forfeiture under Civil Code section 3275 or give notice that real parties would be proceeding on that theory.[10] We therefore need not address the merits of this issue effectively raised for the first time on appeal. (*Curcio v. Svanevik* (1984) 155 Cal.App.3d 955, 961 [202 Cal.Rptr. 499]; *Ernst v. Searle* (1933) 218 Cal. 233, 240-241 [22 P.2d 715].)

---

[10] The lack of notice to petitioners is apparent from their comment to this court that: "Real parties in interest have elected to not pursue relief under Civil Code § 3275, [which] provides for relief only when the forfeiture does not result from "grossly negligent, willful or fraudulent breach of duty." Notably, real parties did not contradict this statement in their responsive brief, waiting instead to raise the section 3275 issue in their final points and authorities in support of answer.

## DISPOSITION

As long as the trade fixtures remain part of the bankruptcy estate, the respondent court lacks power to issue orders concerning possession or control of those items. While the superior court has jurisdiction to decide petitions for equitable relief from forfeiture, real parties are not entitled to the relief they seek under Code of Civil Procedure section 1179.

Accordingly, we order as follows: (1) let a peremptory writ of mandate issue, directing the respondent court to vacate its order of June 8, 1989, granting a preliminary injunction and to issue a new and different order denying real parties' ex parte application for preliminary injunction; (2) let a peremptory writ of prohibition issue, restraining respondent court from conducting any further proceedings on real parties' petition for equitable relief from lease forfeiture; and (3) when this decision is final, the stay order previously issued by this court shall be dissolved.

Kline, P. J., and Peterson, J., concurred.