76 F.3d 387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Allen LORENZ; Sandra Lorenz; Allen Lorenz, Trustee of the
Emma Gunderson Trust; Elaine Loverso, Trustee of
the Don and Carmelina LoVerso Family
Trust Appellants,
v.
BELTIO, LTD., Appellee.
 No. 94-15959.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1995.
Decided Jan. 3, 1996.
 
 Before: BROWNING, CANBY and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Allen Lorenz, Sandra Lorenz, the Emma Gunderson Trust, and the Don and Carmelina LoVerso Family Trust appeal the district court's order affirming the bankruptcy court's decision to deny relief from the automatic stay and to void a state-issued writ of restitution.
 
 
 3
 We affirm in part and remand in part to the bankruptcy court for further proceedings consistent with this disposition.
 
 I.
 
 4
 The bankruptcy court in this matter lifted the automatic stay for the purpose of allowing the state court to determine Beltio, Ltd.'s interest in the ground lease. We find that the bankruptcy court had the authority to send this discrete issue to the state court for determination. See Wilson v. Bill Barry Enterprises, Inc., 822 F.2d 859, 861 (9th Cir.1987). However, we note that Bankruptcy Judge Thompson's orders regarding the lift of the automatic stay are not entirely clear. In his December 1992 and February 1993 orders, Judge Thompson authorized the lifting of the automatic stay, "to allow the state court judge [in the matter] to decide what interest, if any, Debtor, Beltio Ltd., as intervenor, may have in the original land lease between Lorenz and LoVerso." In his March 1993 order, Judge Thompson stated that the stay would be lifted
 
 
 5
 for the sole purpose of allowing litigation to continue in [the state court matter], to allow all issues as to all parties to be resolved and adjudicated, including but not necessarily limited to deciding what interest, if any, debtor, Beltio, LTD., as intervenor, may have in the original land lease between Lorenz and LoVerso, and resolving the issues in this case by jury trial, if appropriate.
 
 
 6
 Although the Nevada state court subsequently issued an order finding that Beltio's interest in the lease had terminated, Judge Thompson deferred application of that order to the bankruptcy proceedings. In his order dated December 9, 1993, Judge Thompson indicated that he would wait until the Nevada Supreme Court resolved Beltio's appeal of that order.
 
 
 7
 We understand from the parties' representations at oral argument that the Nevada Supreme Court has taken no action since this appeal was filed over two years ago. The record has not yet been perfected on appeal, no briefs have been submitted and no transcripts have been ordered.
 
 
 8
 Given the current posture of the state appeal, we remand this matter to Bankruptcy Judge Goldwater, who has replaced the now-retired Judge Thompson. Upon remand, Judge Goldwater should determine what effect the state court matter will have on Beltio's bankruptcy proceeding and he should take whatever action he deems necessary to resolve this matter without further delay.
 
 II.
 
 9
 Appellants' contention that the automatic stay does not apply here because Beltio is in an "offensive posture" is without merit. Appellants fail to acknowledge that the state action at issue here was brought by them against Beltio and not the other way around. In appealing the state court's adverse judgment, Beltio is not asserting a claim, but rather defending its interests. Beltio's posture then is defensive, not offensive, and is therefore covered by the automatic stay. See Carley Capital Group v. Fireman's Fund Ins. Co., 889 F.2d 1126, 1127 (D.C.Cir.1989) (per curiam).
 
 III.
 
 10
 Appellants argue that the bankruptcy court lacked authority to void the state court writ of restitution because it had relinquished jurisdiction over the matter.
 
 
 11
 In its orders of December 2, 1992, February 2, 1993 and March 31, 1993, the bankruptcy court granted relief from the automatic stay so that the state court could make a determination as to Beltio's interest in the lease; however, the court continued to allow Beltio to remain in possession of the property until further order of the court. Accordingly, only the bankruptcy court, not the state court, could order the eviction of Beltio.
 
 
 12
 By issuing a writ of restitution, which in Nevada is tantamount to an eviction notice, the state court violated the automatic stay put in place by the bankruptcy court. Violations of an automatic stay are void as a matter of law. In re Schwartz, 954 F.2d 569, 572 (9th Cir.1992). Thus, we find it was not an abuse of discretion for the bankruptcy court to void the writ of restitution.
 
 IV.
 
 13
 Appellants contend that when, at the November 22, 1993 hearing, the bankruptcy court announced that they could enforce the writ of restitution, its oral order was enforceable and could not be withdrawn.
 
 
 14
 While it is true that oral orders are entitled to the same force and effect as an order reduced to writing, Noli v. CIR, 860 F.2d 1521, 1525 (9th Cir.1988), appellants miss the point in arguing that such an order cannot be undone. Bankruptcy Rule 9024 provides for relief from a judgment or order and operates exactly like Federal Rule of Civil Procedure 60, with certain discrete exceptions. Furthermore, this circuit has held that a bankruptcy court may set aside its judgment if the equities are "compelling enough to render the order to set aside as a proper exercise of discretion." Matter of Cada Investments, Inc., 664 F.2d 1158, 1162 (9th Cir.1981).
 
 
 15
 Here, after Beltio's counsel submitted a motion seeking to bar enforcement of the writ of restitution, the bankruptcy court explicitly withdrew its oral order and replaced it with a written order. In doing so, the court acknowledged that its oral order was "inconsistent" with all its prior rulings in the case and that the court had erred in entering it.[1] Given the bankruptcy court's considerable discretion in determining whether setting aside an order is appropriate, we find the lower courts did not abuse their discretion in declining to give the November 22, 1993 oral order force and effect.
 
 V.
 
 16
 Appellants allege the bankruptcy proceeding violated both their procedural and substantive due process rights. As a preliminary matter, we note that appellants' claim addresses mainly procedural, not substantive, due process concerns. The Supreme Court has recently reaffirmed that the protections of substantive due process have "for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." Albright v. Oliver, 114 S.Ct. 807, 812 (1994). None of those rights are implicated here and therefore we do not reach the substantive due process issue.
 
 A.
 
 17
 Appellants maintain that the short notice which they were given for the emergency hearing on Beltio's motion to bar enforcement of the writ of restitution was improper.
 
 
 18
 Procedural due process requires that appellants be given notice and an opportunity to be heard and we find appellants were accorded both. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1984). According to Beltio's proof of service, appellants' counsel was personally served with Beltio's papers and notice and appellants' co-counsel was served by mail. Although appellants were provided with only a few days notice of the emergency hearing, we find that this notice satisfies the minimal requirements of due process.
 
 
 19
 Furthermore, we note that the court held a hearing in this matter on December 6, 1993. Appellants argue that because Judge Thompson would not continue the matter to consider their opposition briefs, due process was not met. We disagree. Due process only requires that appellants be given an opportunity to respond "either in person or in writing." Loudermill, 470 U.S. at 532 (emphasis added). We find appellants were given their opportunity to respond and therefore hold that the hearing comported with the requirements of procedural due process.
 
 B.
 
 20
 Appellants also argue that their inability to review the order prepared by Beltio's counsel at the request of Judge Thompson violated due process. Procedural due process requires only an opportunity to be heard and notice of the hearing. There is no mention of the procedures required when counsel prepares an order for the judge's signature. Cf. Loudermill, 470 U.S. at 532. Accordingly, we find appellants' claim without merit.
 
 C.
 
 21
 Finally, appellants argue the court overstepped its bounds by allowing Beltio to proceed in his state court appeal without posting a bond.
 
 
 22
 We note that determining whether a bond is necessary for a state court appeal is a matter governed largely by the Nevada Rules of Appellate Procedure. N.R.A.P. 7, 8. We further observe that the bankruptcy court may have relinquished jurisdiction over the state court matter by lifting the automatic stay for a determination of Beltio's interest in the lease.
 
 
 23
 On remand, we leave it to the bankruptcy court to determine what effect the state court determination will have on this matter. If the bankruptcy court finds it necessary to allow the state court appeal to run its course prior to taking any further action in bankruptcy, it should leave determination of the bond issue to the state court.
 
 CONCLUSION
 
 24
 We hold that the lower courts did not abuse their discretion in denying appellant's claims and we REMAND the matter to the bankruptcy court for a determination of what effect, if any, the state court proceeding will have on the bankruptcy matter. Upon remand, the bankruptcy court should take whatever action it deems necessary to resolve this matter in a judicious and expedient manner.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 After some badgering by appellants' counsel, Judge Thompson declared, "For the third time. I should not have entered that verbal order."