Richard J. EDWORDS, Plaintiff—Appellant,

v.

CITY OF NATIONAL CITY et al., Defendants—Appellees.

No. 03–56265.

D.C. No. CV–02–00410–JTM/AJB.

United States Court of Appeals, Ninth Circuit.

Argued March 9, 2005.

Resubmitted Dec. 5, 2005.

Decided Dec. 13, 2005.

Rosemary Rodriguez, San Diego, CA, for Plaintiff–Appellant.

Steven Eugene Boehmer, McDougal Love Eckis Smith and Boehmer, El Cajon, CA, for Defendant–Appellee.

Before LEAVY, GRABER, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Plaintiff Richard J. Edwords, proceeding through his guardian ad litem, appeals the district court's dismissal of some of his claims against the City of National City and various individual defendants.

█ 1. The parties' stipulation to dismissal of the action with prejudice, in district court, neither deprives us of jurisdiction nor constitutes a waiver of Plaintiff's right to appeal. *See Or. Bureau of Labor & Indus. v. U.S. W. Commc'ns, Inc.,* 288 F.3d 414, 417 (9th Cir.2002) (holding that this court has jurisdiction over an appeal from a stipulated voluntary dismissal with prejudice, unless it was intended to settle the case); *Concha v. London,* 62 F.3d 1493, 1507 (9th Cir.1995) (same).

2. Plaintiff's appeal was properly before the Civil Service Commission and the City Council, which upheld his termination. Plaintiff made a general appearance in the administrative proceedings, notwithstanding his insistence to the contrary. *See 366–368 Geary St., L.P. v. Superior Court,* 219 Cal.App.3d 1186, 268 Cal.Rptr. 678, 681 (1990) (holding that party's label of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

appearance as "general" or "special" does not control and that a request for continuance is a form of relief that a party may seek only by submitting to the court's jurisdiction).

3. The district court, at our instruction, took evidence and made findings. As relevant, the court found that: (a) Plaintiff is neither *presently* competent to understand his financial affairs, including this litigation, nor *presently* competent to assist counsel; (b) Plaintiff's wife is the most appropriate person to look after Plaintiff's affairs and is appointed as his guardian ad litem (who has notified this court of her intent to continue with this appeal); and (c) there is insufficient evidence to find that Plaintiff was incompetent in the past at the time he *commenced* this action.

4. In view of the last of those findings, Plaintiff was presumptively competent at the time when the administrative appeal was pending, and he therefore had an adequate opportunity to litigate his claims administratively. On de novo review, we hold that the district court properly ruled that the administrative findings were binding under *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966). Therefore, the district court properly dismissed Plaintiff's claims under California's Fair Employment and Housing Act and under 42 U.S.C. § 1983.

5. The district court did not abuse its discretion in denying leave to amend the complaint further. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (noting that the court's discretion to deny leave to amend is "particularly broad" when the plaintiff previously has filed an amended complaint).

6. Defendants are not entitled to sanctions in the form of attorney fees or defense costs under Federal Rule of Civil Procedure 11 or California Code of Civil Procedure section 1038. Defendants failed to comply with the relevant procedural requirements.

AFFIRMED.