Filed 11/30/23  Preferred Hospitality v. Houston Casualty Co. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| PREFERRED HOSPITALITY, INC., | |
| Plaintiff and Appellant, | E078892 |
| v. | (Super. Ct. No. CVRI2102840) |
| HOUSTON CASUALTY COMPANY, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Chad W. Firetag, Judge.

Affirmed.

Larson, Stephen G. Larson, Paul A. Rigali, and Jonathan D. Gershon, for Plaintiff and Appellant.

Slovak Baron Empey Murphy & Pinkney, Robert A. Cutbirth, and Misty L. Calder, for Defendant and Respondent.

1

INTRODUCTION

Preferred Hospitality, Inc. (PHI) had an employment practices liability insurance policy with Houston Casualty Company between August 2016 and August 2017.  The policy covered some, but not all employment-related claims that PHI's employees might bring against it.  To obtain coverage for an employee's claim, PHI had to notify Houston of the claim before the policy expired.

In September 2016, a PHI employee filed a petition with the Workers' Compensation Appeals Board (WCAB) under Labor Code section 132a (section 132a), alleging that PHI fired her for "having been injured on the job or having made a claim for workers' compensation benefits."  PHI did not notify Houston of the petition because it thought it was not covered by the policy.  In October 2017, two months after the policy expired, the employee filed a complaint against PHI with the Department of Fair Employment and Housing (now known as the Civil Rights Department), alleging various employment claims.  Then, a few weeks later, the employee sued PHI in superior court, again alleging various employment claims.

Even though PHI's policy had expired, Houston agreed in February 2019 to cover some costs of defending against the employee's lawsuit.  PHI insists Houston had to cover all of the costs under the policy, so it sued Houston for breach of contract and breach of the covenant of good faith and fair dealing.  The trial court sustained Houston's

demurrer to PHI's complaint with leave to amend and entered judgment for Houston after PHI failed to file an amended complaint.  PHI appeals, and we affirm.

II.

FACTUAL AND PROCEDURAL BACKGROUND[1]

PHI entered into an employment practices liability insurance policy with Houston (Policy No. H716-814), effective from August 11, 2016 to August 11, 2017.[2]  The policy generally provided coverage during this period for "'discrimination,'" "'harassment,'" and "'inappropriate employment conduct'" liability within the policy's "'terms, conditions, limitations and exclusions.'"

One of those exclusions provided that the policy did not cover "any 'loss' arising out of any obligation under any workers' compensation, disability benefits or unemployment compensation law, or any similar law.  [¶]  This exclusion does not, however, apply to any 'claim' for 'retaliation' or 'discrimination' or 'inappropriate employment conduct' on account of the filing of a workers' compensation claim or a claim for disability benefits."

---

[1] The facts come from PHI's complaint and documents attached to it.  We assume the truth of the facts as alleged in PHI's complaint unless contradicted by judicially noticeable facts.  (*Stevens v. Superior Court* (1999) 75 Cal.App.4th 594, 601.)

[2] PHI attached a copy of the policy to its complaint.  We may take judicial notice of "documents attached to th[e] complaint as exhibits," and "[i]f recitals in those documents are inconsistent with the allegations of the complaint, the recitals take precedence, and we disregard allegations inconsistent with the unambiguous text of the documents."  (*Williams v. Housing Authority of Los Angeles* (2004) 121 Cal.App.4th 708, 714, fn. 6.)

3

To obtain coverage under the policy, PHI had to report any covered "'claim'" or "potential claim" to Houston within the policy period. If PHI did not do so, then Houston had no duty to provide coverage.

The policy defines a "claim" in relevant part as "a written demand received by the insured alleging damages or the filing of a 'suit,' or any administrative proceeding." A "potential claim" is defined in relevant part as an "[i]nsured [e]vent" means actual or alleged acts of 'discrimination,' 'harassment,' and/or 'inappropriate employment conduct'"—"which [PHI] reasonably believe[s] may result in a future 'claim.'" If PHI timely reported the "'insured event'" to Houston, then any "'claim subsequently arising from such 'insured event' shall be deemed to have been made on the date" PHI reported the "'insured event.'" The policy further provided that "'[o]ne [i]nsured [e]vent,'" defined as "'insured events'" that are "(1) related by an unbroken chain of events or (2) made or brought by the same claimant," would "be considered to have been made or brought on the date that the first of those claims was made or brought."

In September 2016, former PHI employee Marielena Ramirez filed a workers' compensation claim with the WCAB along with a petition under section 132a. The petition alleged that Ramirez was "unjustly terminated from [her] employment" with PHI "as a result of having been injured on the job or having made a 'claim' for workers' compensation benefits for such injury." PHI did not report the petition to Houston because PHI thought it was not covered because of the workers' compensation exclusion.

4

In October 2017—after the policy had expired—Ramirez filed a DFEH complaint against PHI.[3] Ramirez alleged, among other things, that PHI subjected her to discrimination, harassment, and retaliation.

In November 2017, Ramirez filed a complaint against PHI in superior court.[4] She asserted 11 causes of action, including claims for discrimination, harassment, and retaliation, as well as wage-and-hour claims. PHI timely reported the claim to Houston.

In February 2019, Houston acknowledged that Ramirez's wage-and-hour claims were covered under the policy and agreed to pay PHI's costs for defending against the claims. Houston, however, "demanded that attorney fees be 'apportioned,'" so that PHI would pay the fees associated with the period that PHI alleges Houston "wrongly denied coverage."

Because PHI thought all of Ramirez's claims in her civil complaint should be covered, PHI sued Houston for breach of contract and breach of the implied covenant of good faith and fair dealing.[5] Houston demurred to PHI's complaint on the ground that it owed no coverage because PHI did not timely notify Houston of Ramirez's section 132a petition.

---

[3] We take judicial notice of Ramirez's DFEH complaint and the date it was filed. (Evid. Code §§ 452, subd. (d), 459, subd. (a).)

[4] We take judicial notice of Ramirez's civil complaint and the date it was filed. (Evid. Code §§ 452, subd. (d), 459, subd. (a).)

[5] PHI also alleged Houston violated its duty to provide independent counsel, but that did not form the basis for its causes of action.

The trial court found that PHI had to report to Houston Ramirez's section 132a petition, her DFEH complaint, and her civil complaint to obtain coverage under the policy. And because PHI did not do so, the trial court found that Houston had no duty to defend PHI against any of Ramirez's claims, so PHI failed to state a claim.

In doing so, the trial court found that PHI's policy was "effective from August 11, 2016, to August 17, 2017," and that PHI had to report any claim "during this period," but it never did so. Ramirez filed her section 132a petition while the policy was in effect, but PHI "admittedly failed to" report it "based on a mistaken interpretation" of the policy. And because Ramirez filed her DFEH and civil complaints after the policy expired, the trial court found PHI only reported Ramirez's claims after "the expiration of the [p]olicy." For that reason, the trial court found PHI failed to state a claim because Houston had no duty to defend PHI against any of Ramirez's claims.

The court therefore sustained Houston's demurrer with 20 days' leave to amend. PHI did not timely file an amended complaint, so the trial court dismissed the case and entered judgment for Houston. PHI timely appealed.

III.

DISCUSSION

PHI contends the trial court erroneously sustained Houston's demurrer. We disagree.

6

1. *Governing Law*

"Our task in reviewing a judgment sustaining a demurrer is to determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] We assume the truth of the properly pleaded material facts and the reasonable inferences that may be drawn therefrom. [Citation.] We give the complaint a reasonable interpretation, reading it as a whole and its parts in their context." (*Reynolds v. Bennett* (2005) 36 Cal.4th 1075, abrogated on another ground by *Martinez v. Combs* (2010) 49 Cal.4th 35, 50, 50, fn. 12.) When, as here, the trial court grants the plaintiff leave to amend but the plaintiff declines to amend, "'strict construction of the complaint is required and it must be presumed that the plaintiff has stated as strong a case as'" possible. (*Reynolds v. Bennett*, *supra*, at p. 1091.)

To state a cause of action for breach of contract, the plaintiff must allege facts showing "'(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff.' [Citations.]" (*D'Arrigo Bros. of California v. United Farmworkers of America* (2014) 224 Cal.App.4th 790, 800.)

"[T]here are at least two separate requirements to establish breach of the implied covenant: (1) benefits due under the policy must have been withheld; and (2) the reason for withholding benefits must have been unreasonable or without proper cause." (*Love v. Fire Ins. Exchange* (1990) 221 Cal.App.3d 1136, 1151.)

7

2. *Analysis*

PHI argues the trial court erred because PHI was not required to give notice of Ramirez's section 132a petition, which was excluded from coverage under the policy's workers' compensation exclusion. In PHI's view, it is unclear whether the petition is covered or excluded because Ramirez alleged PHI terminated her for being injured (which would not be covered) *or* terminated her for seeking workers' compensation benefits (which would be covered).

We need not decide whether or not the petition was covered under policy. Under either scenario, the result is the same. If the petition was not covered because of the workers' compensation exclusion, then PHI had no duty to report it and Houston had no duty to cover it. But if the petition was covered by the policy, Houston had no duty to cover it because it is undisputed that PHI did not report the petition to Houston before the policy elapsed. As PHI acknowledges, "claims are generally only deemed to be covered if they are made and reported to [Houston] during the [p]olicy period."

PHI alternatively argues that because the basis for Ramirez's section 132a petition was ambiguous, it was "at best . . . a 'potential claim,'" which PHI was not required to report to Houston. PHI did not make this argument in the trial court, so we need not consider it. (See *366-386 Geary St., L.P. v. Superior Court* (1990) 219 Cal.App.3d 1186, 1199 ["However, real parties failed to adequately raise this issue in the superior court, and it may not be raised for the first time on appeal."].)

8

But, assuming without deciding that the petition was ambiguous, PHI is wrong for two reasons. First, a "potential claim" arises only when a covered "'insured event' . . . may result in a *future* claim." (Italics added.) Second, the policy states in the first section that it applies "only if . . . a potential 'claim' is first reported in accordance with" the applicable requirements. Those requirements reaffirm that the policy "provides coverage for potential 'claims' reported" to Houston and states that the insured must "provide[] notice in writing" to Houston of the "insured event" that may lead to a future claim to obtain coverage.

In short, whether Ramirez's section 132a petition was an actual or potential claim, PHI had to report it to Houston before the policy expired in August 2017 to get coverage. Because PHI did not do so, Houston had no duty to cover the costs of defending PHI against the petition.

Houston likewise had no duty to cover Ramirez's DFEH complaint or her civil complaint. PHI's policy expired in August 2017, months before she filed either complaint, so any coverage PHI may have had for the complaints had already lapsed.

In its reply brief, PHI argues it sufficiently alleged that it had coverage when Ramirez filed her DFEH complaint and civil complaint. In doing so, PHI misrepresents the record. Although PHI alleged that "[a]t all relevant times . . . [PHI] had paid for and maintained" the policy, PHI omits the rest of that allegation, which states that the policy is Policy No. H716-914567 and a copy of the policy is attached to its complaint. PHI reaffirmed throughout its opposition to Houston's demurrer that this is the "[p]olicy at

9

issue" without suggesting it had another one.  We can and do take judicial notice of the copy of the policy, which states that it expired in August 2017.  (See *Williams v. Housing Authority of Los Angeles*, *supra*, 121 Cal.App.4th at p. 714, fn. 6.)  We therefore disregard PHI's allegation that it had coverage when Ramirez filed her DFEH complaint and civil complaint.[6]  (*Ibid*.)

PHI nonetheless argues it is entitled to coverage even though it did not timely notify Houston of Ramirez's claims during the policy period because Houston "waived any prior notice requirement" when it agreed to cover her wage-and-hour claims in February 2019.  PHI did not make this argument in the trial court, so we do not consider it on appeal.  (See *366-386 Geary St., L.P. v. Superior Court*, *supra*, 219 Cal.App.3d at p. 1199.)

In sum, judicially noticeable facts and the allegations in PHI's complaint show that PHI did not timely report any of Ramirez's claims to Houston as required by the policy.  As a result, Houston had no duty to defend PHI against her claims, so Houston did not breach the policy.  The trial court therefore properly sustained Houston's

---

[6] PHI forcefully argued at oral argument that it properly alleged that it had coverage at all times and that we must assume the truth of that allegations.  But, again, PHI expressly alleged in its complaint that there was only one policy, which by its own terms expired in August 2017, before PHI reported Ramirez's claims.  That allegation controls.  And even though PHI notes in its opening brief that the trial court found that Houston owed no duty to cover Ramirez's claims because PHI failed to report them before its policy expired, PHI does not address the issue until its reply brief.  Because PHI failed to address the issue in its opening brief without good cause, PHI waived its arguments raised for the first time in its reply brief that the trial court incorrectly found that its policy expired before it reported Ramirez's claims.  (See *Crawley v. Alameda County Waste Management Authority* (2015) 243 Cal.App.4th 396, 403, fn. 4.)

demurrer. (See *D'Arrigo Bros. of California v. United Farmworkers of America*, *supra*, 224 Cal.App.4th at p. 800; *San Diego Housing Commission v. Industrial Indemnity Co.* (1998) 68 Cal.App.4th 526, 544 [no breach of covenant of good faith and fair dealing if there is no breach of contract].)

## IV.

## DISPOSITION

The judgment is affirmed. Houston may recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

RAMIREZ

P. J.

FIELDS

J.