[No. B154259. Second Dist., Div. Five. Apr. 15, 2003.]

ERIKA K. LURI, Plaintiff and Appellant, v.
ROBERT GREENWALD et al., Defendants and Respondents.

## COUNSEL

Hirschberg & Friedman, Michael N. Friedman and Leslie D. Hirschberg for Plaintiff and Appellant.

Freedman & Taitelman, Michael A. Taitelman and John D. Guerrini for Defendants and Respondents Robert Greenwald and Heidi Frey Greenwald.

David L. Krogh for Defendants and Respondents Jon Douglas Company, Linda Lackey and Coldwell Banker Residential Brokerage Company.

## OPINION

MOSK, J.—Defendants Robert and Heidi Frey Greenwald (Greenwalds) and Jon Douglas Company, Linda Lackey, and Coldwell Banker Residential Brokerage Company (the real estate defendants) (collectively defendants) obtained summary judgments in their favor after plaintiff Erika K. Luri (Luri) failed to file timely oppositions to the defendants' motions for summary judgment and did not appear for the hearing on the motions. Luri's subsequent motion for reconsideration and relief under Code of Civil Procedure sections 473 and 1008 was denied. Luri argues on appeal that the trial court abused its discretion in denying the motion under Code of Civil Procedure section 473 (section 473), that the trial court was required to grant relief under the mandatory relief provision of that statute for attorney fault even though there was no specific request for mandatory relief, and that the matter should be remanded for a hearing on the summary judgment motions. We hold that a motion under section 473 seeking discretionary relief accompanied by the declaration of an attorney suggesting attorney fault does not require the trial court to grant relief under the mandatory provision for attorney fault when there is no request for such mandatory relief. We also hold that in this case the trial court committed no error in treating the motion as seeking only discretionary relief under section 473 and did not abuse its discretion in finding no excusable neglect. We therefore affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Luri purchased a duplex from the Greenwalds in 1997 in a sale in which the real estate defendants acted as the sellers' agents. Luri subsequently sued

the Greenwalds and the real estate defendants, alleging that in the course of the sale they committed fraud; concealment; conspiracy to defraud; and violations of the Civil Code's real estate disclosure provisions, Civil Code section 1102 et seq.

The Greenwalds filed a motion for summary judgment on July 10, 2001, with a hearing on their motion set for August 8, 2001. The real estate defendants filed a motion for summary judgment on July 18, 2001, with the hearing on that motion scheduled for August 15, 2001. The hearing on the Greenwalds' motion for summary judgment was postponed until August 15, 2001, so that the two summary judgment motions could be heard together.

Luri's opposition papers to the summary judgment motions were required to be filed by August 1, 2001 (Code Civ. Proc., § 437c, subd. (b)), but she failed to file any oppositions. On August 10, 2001, Luri's attorney, Sheldon Kaufman (Kaufman), submitted an ex parte application for a continuance of the hearing on the summary judgment motions and a corresponding extension of his time to file oppositions to the motions. In a declaration accompanying the application, Kaufman declared that although he "worked many long hours each day to attempt to prepare meaningful and consistent opposition to the two separate motions by August 1, 2001," he could not complete them in a timely manner. He represented to the court that "[t]he opposition to both motions is about 65% completed and can be served and filed by August 15, 2001, at the latest, if this matter is continued until August 28, 2001, at 9:00 a.m. . . ."

The defendants opposed Luri's application for a continuance on the ground that a continuance should not be needed because the summary judgment motions raised only one issue—the statute of limitations. The trial court granted Luri's application and continued the hearings on the summary judgment motions to August 30, 2001. The trial court stated that Luri's oppositions would now be due within "the statutory period of time before 8/30/01"—under Code of Civil Procedure section 437c, subdivision (b), not less than 14 days preceding the hearing date. The court also advised Luri's counsel "that there will be no further continuances or extensions."

Despite the extension granted by the court and the court's warning, the new due date for Luri's oppositions passed without service or filing of any oppositions to the summary judgment motions. As of the date of the summary judgment motions hearing, no oppositions had been filed, and Luri and her counsel failed to appear for the hearing. The trial court's August 30, 2001 minute order reads, "Before the hearing, the Courtroom Assistant receives a call from Plaintiff counsel's secretary stating that Plaintiff's

counsel will be at least one hour late to the hearing [scheduled for 9:00 a.m.]. [¶] The Motions are called for hearing at 9:14 a.m. There is no appearance on behalf of the Plaintiff. [¶] The court has received no opposition to the Motions."

The trial court conducted a hearing on the unopposed summary judgment motions and granted summary judgments to the Greenwalds and the real estate defendants. The court's August 30, 2001 minute order notes that "[t]here is no appearance by the Plaintiff when the court concludes its ruling at 9:24 a.m." Kaufman arrived at the courtroom later that morning at approximately 9:50 a.m.

On September 13, 2001, Luri filed papers opposing the summary judgment motions that had already been heard and ruled upon on August 30, 2001. On September 17, 2001, Luri filed a motion for reconsideration of the summary judgment rulings under Code of Civil Procedure section 1008; in the alternative, Luri moved "under 473 CCP for relief from orders granting summary judgments to said defendants, upon the grounds of excusable neglect."

The portion of the memorandum of points and authorities devoted to relief under section 473 read in its entirety as follows: "Motion under Section 473 CCP [¶] (Excusable Neglect) [¶] The evidence and argument for the grounds of ex[]cusable neglect both as to the non-appearance and the filing of Opposition is provided by Declaration of Sheldon M. Kaufman filed concurrently her[e]with." No notice of motion accompanied this motion.

Kaufman's accompanying declaration stated that he arrived in the courtroom with "fully completed opposition documents" at 9:50 a.m. on August 30, 2001, and was told that the matter had already been heard. Concerning the failure to file the opposition papers in a timely manner, Kaufman stated only, "Declarant is aware that on August 10, 2001, in support of an Ex Parte Application for a Continuance of the hearing on the Motions for Summary Judgment until August 30, 2001, Declarant stated that the Opposition was about '65% completed' and could be filed and served by August 15, 2001[] if the matter was continued until August 28, 2001. This assertion by Declarant proved to be overly optimistic in light of the fact that the Opposition was not in fact completed until August 29, 2001. This delay was caused in part by the complexity and intricacy of the Opposition, and, moreover, by extreme fatigue of Declarant induced by the side effects of a prescription cholesterol-lowering drug ('Baycol') taken by Declarant, and recently recalled. Further, said drug has possibly caused Declarant liver damage, a matter not yet resolved." In conjunction with his reply brief,

Kaufman provided a supplemental declaration detailing his medical history with Baycol, but the declaration did not provide any explanation of how the medication had prevented him from performing legal work. Luri stated in a declaration that Kaufman and she were late for the summary judgment hearing because of an automobile problem.

After a hearing on October 15, 2001, Luri's motion under Code of Civil Procedure sections 1008 and 473 was denied. Judgments were entered in favor of the defendants, and this appeal followed.

## DISCUSSION

Section 473, subdivision (b) provides for two distinct types of relief—commonly differentiated as "discretionary" and "mandatory"—from certain prior actions or proceedings in the trial court. "Under the discretionary relief provision, on a showing of 'mistake, inadvertence, surprise, or excusable neglect,' the court has discretion to allow relief from a 'judgment, dismissal, order, or other proceeding taken against' a party or his or her attorney. Under the mandatory relief provision, on the other hand, upon a showing by attorney declaration of 'mistake, inadvertence, surprise, or neglect,' the court shall vacate any 'resulting default judgment or dismissal entered.' " (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 615-616 [107 Cal.Rptr.2d 489].) Applications seeking relief under the mandatory provision of section 473 must be "accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b).) The mandatory provision further adds that "whenever relief is granted based on an attorney's affidavit of fault [the court shall] direct the attorney to pay reasonable compensatory legal fees and costs to opposing counsel or parties." (*Ibid.*)

Luri contends that even though her section 473 motion only referred to discretionary relief, the trial court erred by not treating the motion as though it sought relief under the mandatory provision of section 473 because the motion was accompanied by a declaration of an attorney indicating his fault. Alternatively, she argues that the trial court abused its discretion by denying her motion under the discretionary provision of section 473.

I.   *A motion under section 473 for discretionary relief accompanied by a declaration of an attorney suggesting attorney fault does not require the trial court to grant relief under the mandatory provision of section 473.*

Luri's argument that whenever a motion under section 473 includes a declaration by an attorney suggesting attorney fault, the trial court should

consider granting relief under both the discretionary and mandatory provisions of the statute, is not consistent with procedural rules governing motions. A basic principle of motion practice is that the moving party must specify for the court and the opposing party the grounds upon which that party seeks relief. Code of Civil Procedure section 1010 requires that a notice of motion must state "the grounds upon which it will be made." California Rules of Court, rule 311 requires a notice of motion to state in its opening paragraph "the nature of the order being sought and the grounds for issuance of the order." As a general rule, the trial court may consider only the grounds stated in the notice of motion. (*Gonzales v. Superior Court* (1987) 189 Cal.App.3d 1542, 1545 [235 Cal.Rptr. 106]; *Silva v. Holland* (1888) 74 Cal. 530, 531 [16 P. 385].) An omission in the notice may be overlooked if the supporting papers make clear the grounds for the relief sought. (*Carrasco v. Craft* (1985) 164 Cal.App.3d 796, 807-808 [210 Cal.Rptr. 599]; *366-388 Geary St., L.P. v. Superior Court* (1990) 219 Cal.App.3d 1186, 1200 [268 Cal.Rptr. 678].) The purpose of these requirements is to cause the moving party to "sufficiently define the issues for the information and attention of the adverse party and the court." (*Hernandez v. National Dairy Products* (1954) 126 Cal.App.2d 490, 493 [272 P.2d 799].)

Specification of issues is no less necessary when a motion invokes section 473 than when a motion is made pursuant to any other statute. We discern no basis in law or policy to conclude that section 473 motions, unlike all other motions, should be exempt from these provisions of law. Nor do we identify any legal grounds to impose a duty upon trial courts to evaluate, sua sponte, alternative bases for relief other than those asserted by the moving party—a duty that would be unique to motions under section 473. We therefore decline to hold that in evaluating motions made under section 473, the trial court must consider grounds for relief not raised or sought by the moving party.

That the trial court is not required to consider granting relief under the mandatory provision without a request for such relief is supported by the requirements of the provision. The mandatory provision provides that the "court shall, whenever relief is granted based on an attorney affidavit of fault, direct the attorney to pay reasonable compensatory legal fees and costs to opposing counsel or parties." (§ 473, subd. (b).) If the trial court considered an affidavit as one of "fault" requiring the imposition of mandatory compensation when the attorney meant only to state facts showing mistake, inadvertence, surprise, or excusable neglect, an attorney could be assessed fees and costs without having intended to accept responsibility with an "affidavit of fault." Moreover, without notice that relief is sought under the

mandatory provision, the opposing party may not have the opportunity to provide information on the "reasonable compensatory legal fees and costs" required to be awarded. (*Ibid.*)

Luri argues that there is a problem in requiring an attorney to admit fault under oath in order to obtain relief for the client. Attorneys, she contends, will be reluctant to do so because of malpractice and malpractice insurance implications. But the Legislature has provided for mandatory relief for the client if the attorney, in effect, acknowledges "fault." That the relief is mandatory should alleviate the purported inhibitions of attorneys to make such acknowledgements for the benefit of their clients. If the attorney believes that he or she had no responsibility, then the attorney would choose to make the motion under the discretionary provision of section 473 only.

The trial court is not required to consider the availability of relief under the discretionary or mandatory provisions of section 473 in the absence of any request for relief under those grounds. Just as the trial court may under appropriate circumstances overlook certain procedural deficiencies in pleadings—as it did on other matters in this case (see *post*)—it is not precluded from considering a motion under section 473 to be one under the mandatory provision. If such relief is to be considered, the parties should have fair notice of the possibility of such relief. But, when faced with a motion for relief under section 473, the trial court does not have to consider the availability of relief under the mandatory provision unless such relief is requested in an appropriate manner.

II.   *The trial court did not err in treating the request as one for relief only under the discretionary provision of section 473.*

California Rules of Court, rule 312(a) requires that the papers filed in support of a motion must include the motion itself, a notice of hearing on the motion, and a memorandum of points and authorities in support of the motion. Although these components may be combined into a single document under a caption specifying their consolidation, all three elements must be present for a valid motion. (Cal. Rules of Court, rule 312(a).) Additionally, as noted above, the opening paragraph of the notice of motion must describe the grounds for the motion and the nature of the order sought. (Code Civ. Proc., § 1010; Cal. Rules of Court, rule 311.)

Although only the grounds specified in the notice of motion generally may be considered by the trial court (*Gonzales v. Superior Court, supra*, 189 Cal.App.3d at p. 1545; *Silva v. Holland, supra*, 74 Cal. at p. 531), a trial

court may overlook the failure of a notice of motion to state a ground for relief when the supporting materials discuss and support that ground for relief so that it is clear that relief is sought on that ground. In that situation, the trial court may treat the supporting papers as curing the defective notice. (*Carrasco v. Craft, supra,* 164 Cal.App.3d at pp. 807-808; *366-388 Geary St., L.P. v. Superior Court, supra,* 219 Cal.App.3d at p. 1200.)

Luri's section 473 motion was part of a document that served as the memorandum of points and authorities for her motion under Code of Civil Procedure section 1008. Although it was entitled "Notice of Motion and Motion," the documents contained no notice of motion. The caption to the document specified that if reconsideration was not granted under Code of Civil Procedure section 1008, "in the alternative" Luri moved "under 473 CCP for relief from orders granting summary judgments to said defendants, *upon the grounds of excusable neglect.*" (Italics added.) The textual section concerning section 473 read, "Motion under Section 473 CCP [¶] (*Excusable Neglect*) [¶] The evidence and argument for *the grounds of ex[]cusable neglect* both as to the non-appearance and the filing of Opposition is provided by Declaration of Sheldon M. Kaufman filed concurrently her[e-]with." (Italics added.) No further discussion of the basis for Luri's motion was included in her motion.

Because Luri's motion did not include a notice of motion stating "the grounds upon which [the motion] will be made" (Code Civ. Proc., § 1010) or an opening paragraph stating "the nature of the order being sought and the grounds for issuance of the order" (Cal. Rules of Court, rule 311), the trial court could reasonably have rejected the entire motion as defective and noncompliant with California rules and statutes. The trial court overlooked these defects and reviewed the documents submitted to determine the specific basis upon which Luri sought relief, as permitted by *Carrasco v. Craft, supra,* 164 Cal.App.3d at pages 807-808 and *366-388 Geary St., L.P. v. Superior Court, supra,* 219 Cal.App.3d at page 1200.

Luri's motion papers referred three times to the ground of "excusable neglect." No basis for relief other than excusable neglect—a ground for discretionary relief only—was discussed or argued in Luri's motion or the supporting documents. All parties treated Luri's motion as a motion made under the discretionary relief provision—one seeking relief on the grounds of excusable neglect. Luri's attorney never informed the court of any intention to move for, nor suggested the possibility of, relief under the mandatory provision of section 473. The Greenwalds did not seek compensatory fees and costs provided for under the mandatory section. They only sought sanctions for the Code of Civil Procedure section 1008 motion. And

the real estate defendants sought fees and costs as a matter of judicial discretion—not payments as required by the mandatory provision. Thus, the defendants lacked fair notice of a possibility of relief under the mandatory provision of section 473. Under these circumstances, the trial court reasonably treated Luri's motion as seeking relief only under section 473's discretionary provision.[1]

### III. There was no abuse of discretion in denying Luri's section 473 motion.

Luri contends that the trial court erred in denying her motion to vacate the summary judgments under the discretionary portion of section 473. ■ We review the trial court's ruling under the discretionary provision for an abuse of discretion. (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610 [109 Cal.Rptr.2d 256].)

The discretionary relief portion of section 473 reads, "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." ■ A party seeking relief under section 473 on the grounds of excusable neglect bears the burden of demonstrating that the neglect was excusable in order to secure relief. (*Cochran v. Linn* (1984) 159 Cal.App.3d 245, 252 [205 Cal.Rptr. 550].) The test of whether neglect was excusable is whether " 'a reasonably prudent person under the same or similar circumstances' might have made the same error. [Citations.]" (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 276 [228 Cal.Rptr. 190, 721 P.2d 71].)

■ There is sufficient evidence to support the trial court's exercise of its discretion. Kaufman's declaration and conduct established that he was aware of the deadline for filing the oppositions and of his failure to file the oppositions to the defendants' two summary judgment motions in a timely manner. Kaufman allowed the deadline for filing the oppositions to pass, then sought and obtained a continuance of the hearings and an extension of time to complete the oppositions. But the trial court warned that in granting

---

[1]In view of our decision, we do not decide whether Luri's motion and accompanying papers would have established grounds for relief under the mandatory provision of section 473, nor do we reach respondents' argument that relief is not available from the granting of summary judgment under the mandatory provision of section 473. (Compare *Avila v. Chua* (1997) 57 Cal.App.4th 860 [67 Cal.Rptr.2d 373] and *In re Marriage of Hock & Gordon-Hock* (2000) 80 Cal.App.4th 1438 [96 Cal.Rptr.2d 546] with *English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130 [114 Cal.Rptr.2d 93].)

the continuance and extension that there would not be any further continuances or extensions. Notwithstanding this warning, Kaufman failed to file the oppositions when they were due under the new briefing schedule. He did not even file any oppositions prior to the summary judgment hearing.

Kaufman attributed the failure to file the oppositions to the "complexity and intricacy" of the arguments and medication-induced fatigue, without further detail of his medical condition and its purported effect on his performance in this case, and without explanation of his having allowed the filing deadlines to pass without seeking assistance from the court. That Kaufman was able to get to the courthouse, prepare papers and argue motions suggests that he was not so physically incapacitated that he could not file timely oppositions.

Kaufman also failed to appear at the summary judgment hearing—attributed by Luri to the overheating of her vehicle. While the automotive difficulty may have been inadvertent, it does not explain the failure to file the oppositions to the summary judgment motions, nor is there any explanation of the delay in filing the opposition papers—declared by Kaufman to have been completed August 29, 2001—until September 13, 2001. Even had Kaufman appeared at the hearing, without any written oppositions, the trial court was justified in proceeding on the basis of no opposition.

These facts are sufficient to support the trial court's conclusion that Luri had not established excusable neglect. (*Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1402 [72 Cal.Rptr.2d 188] ["Counsel's failure to discharge routine professional duties is not excusable, nor is counsel's failure to properly prepare for the hearing the conduct of a reasonably prudent person"]; *Transit Ads, Inc. v. Tanner Motor Livery, Ltd.* (1969) 270 Cal.App.2d 275, 286-288 [75 Cal.Rptr. 848] [attorney's declaration of illness without declaration of physician or details of illness does not establish excusable neglect]; *Willett v. Schmeister Mfg. Co.* (1926) 80 Cal.App. 337, 339-340 [251 P. 932] [being "overburdened with work" is insufficient to constitute excusable neglect when attorney failed to file required papers in a timely manner]; 8 Witkin, Cal. Procedure (4th ed. 1997) Attack on Judgment in Trial Court, § 173, p. 678 ["Relief will be denied where the attorney, with knowledge of the time limit and without any justifiable belief that it has been or will be extended, fails to file an answer or other required paper"].) The trial court did not abuse its discretion when it denied Luri's motion for relief on the grounds of excusable neglect.

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

Turner, P. J., and Grignon, J., concurred.