Filed 8/12/22  Sky Properties v. Valor CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| SKY PROPERTIES, INC., | B311875 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC667584) |
| v. | |
| VALOR LLP, | |
| Defendant and Respondent. | |

APPEAL from orders and a judgment of the Superior Court of the County of Los Angeles, David Sotelo, Judge.  Dismissed, in part, and affirmed, in part.

Robert Gentino for Plaintiff and Appellant.

Law Office of Marcelo E. DiMauro, Marcelo E. DiMauro, for Defendant and Respondent.

# I.    INTRODUCTION

Plaintiff Sky Properties, Inc. (Sky Properties) purports to appeal from the trial court's orders confirming a nonbinding arbitration award and entering judgment in favor of its prior law firm, defendant Valor LLP (Valor),[1] and denying its motion to reconsider or vacate.  Because we conclude that Sky Properties' appeal from the court's order confirming the nonbinding arbitration award and entering judgment is untimely and it has waived its appeal of the court's denial of its postjudgment motion to vacate, we dismiss its appeal, in part, and affirm, in part.

# II.    BACKGROUND

A.    *Nonbinding Arbitration Award and Sky Properties'*
      *Rejection of Award*

On April 27, 2016, Valor executed a retainer contract in which it agreed to represent Sky Properties in an unlawful detainer action and to arbitrate any disputes between the parties. The action settled in May 2016, but Sky Properties refused to pay the amount billed by Valor,[2] triggering a fee dispute.  The parties engaged in a fee-arbitration pursuant to the Mandatory Fee Arbitration Act (Bus. & Prof. Code § 6200 et seq.) which resulted

---

[1]    Codefendant Ramin Kermani-Nejad, the managing partner of Valor, is not a respondent on appeal.

[2]    Sky Properties alleged that Valor billed over $35,000 in fees for one month of representation between April 18 and May 17, 2016.

in a May 12, 2017, nonbinding award in favor of Valor in the amount of $27,994.73.

On July 6, 2017, Sky Properties filed in the trial court a rejection of award and a request for trial after attorney-client fee arbitration. That same date, Sky Properties filed a complaint seeking declaratory relief.

B.    *Orders Compelling Binding Arbitration*

On September 27, 2017, the trial court entered an order compelling arbitration between Valor and Sky Properties pursuant to a stipulation and, two weeks later, granted the codefendant attorney's motion to compel arbitration,[3] stayed the action pending the completion of the arbitration, and set a status conference for April 12, 2018.[4]

C.    *Binding Arbitration Proceedings*

On May 16, 2018, over six months after it was ordered to arbitrate its dispute, Sky Properties initiated a binding arbitration proceeding before ADR Services, Inc. (ADR). On May 25, 2018, ADR sent the parties a letter acknowledging receipt of Sky Properties' demand for arbitration and, among

---

[3]    The motion to compel arbitration is not in our record. According to Sky Properties' motion for reconsideration, Valor did not serve the motion, and Sky Properties therefore did not appear at the hearing.

[4]    The record does not contain the status conference report ordered for the April 12, 2018, or a minute order for the conference.

3

other things, requesting a response from the parties with their arbitrator preferences by June 19, 2018. On August 1, 2018, Valor served Sky Properties with its list of arbitrator preferences.

On August 9, 2018, the trial court entered a minute order dismissing the declaratory relief action "without prejudice pursuant to Code of Civil Procedure section 664.6[5] with the [c]ourt retaining jurisdiction to enter judgment on [the binding contractual] arbitration award."

D.      *Motion to Confirm Nonbinding Award*

On May 13, 2020, Valor filed a motion to set aside the dismissal, confirm the nonbinding award, and enter judgment in favor of Valor (motion to confirm). Sky Properties opposed the motion and Valor filed a reply.

On September 3, 2020, the trial court held a hearing on Valor's motion to confirm and took the matter under submission. Later that same day, the court issued a minute order granting the motion and also entered a signed order providing, among other things, that: "Judgment is entered against [Sky Properties] and in favor of [Valor] in the amount of $24,994.73, plus ten percent annual interest on the whole amount commencing June 7, 2017."[6]

---

[5]      Further statutory references are to the Code of Civil Procedure.

[6]      Sky Properties failed to include a copy of the September 3, 2020, judgment in its appellant's appendix. It did, however, file a copy of that judgment as an attachment to its Civil Case Information Statement.

4

E.    *Motion to Reconsider or for Section 473 Relief*

On September 21, 2020, Sky Properties filed a motion for reconsideration under section 1008 or, in the alternative, relief pursuant to . . . section 473, subdivision (b) (section 473(b)). Valor opposed the motion.

On February 10, 2021, the trial court held a hearing on the motion for reconsideration and took the matter under submission.[7]  Later that same day, the court issued an order denying the motion.  It also filed and entered another judgment in favor of Valor, purportedly by "default."

On March 8, 2021, Sky Properties filed a notice of appeal purporting to appeal from the judgment and/or orders entered on "2-10-21; 9-3-20."

## III.    DISCUSSION

A.    *Appeal of September 3, 2020, Judgment is Untimely*

The record appears to contain two judgments, the first filed on September 3, 2020, and the second filed over five months later

---

[7]    The record does not include a reporter's transcript of the hearing or a suitable substitute such as a settled or agreed statement.  Nor does it include a complete record of Valor's opposition to the motion, as Sky Properties concedes. Specifically, Sky Properties omitted the exhibits that were attached to Valor's opposition and explained its omission by stating that "these exhibits have no relevance or bearing on the trial court's erroneous orders."  Sky Properties asserted it would move to augment the record with the exhibits; but it did not do so.

5

on February 10, 2021. We asked the parties to submit letter briefs on whether Sky Properties' appeal from the judgment was timely. "[A]ppealability goes to our jurisdiction, [and] we are dutybound to consider it on our own motion." (*Olsen v. Cory* (1983) 35 Cal.3d 390, 398.) Neither party submitted a letter brief in response to our request.

"'[T]he timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction.'" (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 881; see Cal. Rules of Court, rule 8.104(b) ["If a notice of appeal is filed late, the reviewing court must dismiss the appeal"].)[8] Under rule 8.104(a)(1), a notice of appeal must be filed no later than 180 days after entry of judgment, unless the superior court clerk or party serves on the appealing party a document entitled "'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service . . . ." (Rule 8.104(a)(1)(B).)

Based on our review of the September 3, 2020, order, we conclude it was a final judgment from which Sky Properties was required to appeal, as there were no further issues between the parties left to be adjudicated. (See *Walton v. Mueller* (2009) 180 Cal.App.4th 161, 167.) We will assume for purposes of this appeal that neither the court clerk nor a party filed a notice of entry. Thus, Sky Properties was required to file its notice of appeal from the September 3, 2020, judgment within 180 days, that is, by March 2, 2021. Sky Properties filed its notice of appeal on March 8, 2021.

---

[8] Further rule references are to the California Rules of Court.

6

That the trial court entered a second judgment on February 10, 2021, does not render Sky Properties' appeal timely as that second judgment did not result in "'a substantial change in the rights of the parties . . . .'" (See *Ellis v. Ellis* (2015) 235 Cal.App.4th 837, 842.)

Finally, because Sky Properties filed its motion to reconsider after the entry of the final judgment, its appeal from the denial of that motion must also be dismissed as taken from a nonappealable order. (*Reynolds v. City of Calistoga* (2014) 223 Cal.App.4th 865, 871 ["denial of [a] motion for reconsideration [is] not appealable but [is] reviewable on [a] timely appeal of the underlying order"]; *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1576 ["The majority of courts addressing the issue have concluded an order denying a motion for reconsideration is not appealable, even when based on new facts or law"].)

B.    *Motion for Relief Under Section 473(b)*

The trial court's order denying Sky Properties' alternative motion for relief under section 473(b), however, is a separately appealable postjudgment order under section 904.1, subdivision (a)(2). (*Fleur du Lac Estates Assn. v. Mansouri* (2012) 205 Cal.App.4th 249, 257). And, Sky Properties' March 8, 2021, notice of appeal from that February 10, 2021, order was timely.

"Section 473[(b)] provides for two distinct types of relief—commonly differentiated as 'discretionary' and 'mandatory'—from certain prior actions or proceedings in the trial court. 'Under the discretionary relief provision, on a showing of "mistake, inadvertence, surprise, or excusable neglect," the court has

7

discretion to allow relief from a "judgment, dismissal, order, or other proceeding taken against" a party or his or her attorney. Under the mandatory relief provision, . . . upon a showing by attorney declaration of "mistake, inadvertence, surprise, or neglect," the court shall vacate any "resulting default judgment or dismissal entered.'" [Citation.] Applications seeking relief under the mandatory provision of section 473 must be 'accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect.' (§ [473(b)].)" (*Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1124.)

Although Sky Properties purports to appeal from the trial court's denial of its motion to vacate the judgment under section 473(b), it has failed to: describe the relevant standard of review for such appeals; explain whether it was seeking relief based on the mandatory or discretionary relief provisions of section 473(b); or articulate how the court erred in denying its motion, much less provide reasoned argument and authority in support of such error. Instead, it urges us to conclude that the court erred because Sky Properties "submitted undisputed evidence of its participation by arbitration commencement, fee payment, and return of strike list. It is undisputed that ADR Services, Inc. and [Valor], not [Sky Properties, were] responsible for the delay in arbitration." Although Sky Properties also asserts that "[d]ue to [Valor's] failure to participate in arbitration, [it] reasonably concluded that [Valor] had simply decided to drop the matter," it does not suggest that its conclusion in this regard was a mistake that warranted relief under either the discretionary or mandatory provisions of section 473(b). Thus, at bottom, Sky Properties' argument is directed either to the merits of the court's initial judgment in favor of Valor or its assertion of new facts in

8

support of its motion to reconsider, rather than to the merits of the court's denial of its motion to vacate.

Sky Properties' failure to provide reasoned argument or cite authorities in support of its challenge to the trial court's ruling on the section 473(b) motion constitutes a waiver of the issue on appeal. "We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived. [Citations.]" (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; *People v. Stanley* (1995) 10 Cal.4th 764, 793 [court may treat issue as waived where party fails to provide a legal argument with citation of authorities].) We therefore affirm the February 10, 2021, order.

## IV. DISPOSITION

Sky Properties' appeals from the orders vacating the dismissal and confirming the nonbinding award and denying reconsideration are dismissed and the order denying the motion to vacate is affirmed. Valor is entitled to its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

BAKER, J.