Filed 12/16/24  Avila v. John N. Kitta and Associates CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| NICEFORO L. AVILA, JR.,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>JOHN N. KITTA AND ASSOCIATES et al.,<br><br>Defendants and Respondents. | A170579<br><br>(Alameda County<br>Super. Ct. No. 22CV022227) |

Plaintiff Niceforo L. Avila, Jr., sued his former employer, John N. Kitta and Associates (law office), and Hua Ma (collectively defendants) for fraud. Defendants sent Avila an offer to compromise for $100,000, which Avila quickly accepted.  The trial court subsequently entered judgment in Avila's favor and Avila dismissed the action.  Defendants moved for relief pursuant to Code of Civil Procedure[1] section 473, subdivision (b) (section 473(b)).  They argued their offer contained a typographical error—it added a zero to the amount such that it offered $100,000 when they had meant to offer $10,000. The trial court granted the motion.  We conclude the trial court did not abuse its discretion in granting relief to defendants pursuant to section 473(b), and we affirm.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

1

# I. BACKGROUND

In November 2022, Avila filed a complaint against defendants alleging fraud, misappropriation of name, and other claims. As alleged in the complaint, Avila worked as an associate attorney at the law office for seven months and, at some point, agreed to handle several immigration deportation defense cases. He was named as counsel of record in the immigration cases. After Avila resigned, the law office's office managers agreed that the law office would file substitution motions for the immigration cases. More than one year later, Avila discovered the law office had not substituted in new counsel and he remained counsel of record for seven active immigration cases. The law office thereafter denied his requests to gain access to the case files, despite upcoming trial dates.

On January 17, 2024, Avila submitted an offer to compromise pursuant to section 998 for $40,000 with judgment entered in his favor. On January 30, John Kitta, defendants' counsel and the law office's principal,[2] emailed Avila defendants' section 998 offer. Kitta explained the rationale for the offer in the body of the email and the document containing the offer itself was attached to the email. Defendants offered to pay Avila "$100,000.00" in exchange for Avila filing a request for dismissal with prejudice. Additionally, Avila had to agree that as of the date of the offer, "he is not aware of any unlawful act, omission, or practice by [defendants] that he has not already pled in a lawsuit petition/complaint and he does not contend there is any such act, omission, or practice." Defendants' offer was unsigned.

---

[2] Kitta is counsel for defendants. Any references to Kitta in this opinion refer to him as an individual, distinguished from references to the defendant law office, John N. Kitta and Associates.

Just over one hour later, Avila emailed Kitta and advised he accepted the offer. Avila asked Kitta to "sign it" and stated, "I will file it after receiving the signed settlement." *Three minutes later*, Kitta replied to Avila and stated, "I just discovered a clerical error in my offer. The offer was meant to be $10,000, not $100,000. I would not make a higher counter offer. I will send you a correct copy of my offer. Please confirm if you are agreeable to this offer." Avila replied, "No. Your offer is accepted and that is binding." Avila signed his acceptance of the offer. The next day, Avila filed the offer to compromise and notice of acceptance with the court. He also served by mail the offer and notice of acceptance on the law office.

Two weeks later, on February 13, 2024, Avila filed an ex parte application for entry of judgment pursuant to section 998 based on his acceptance of defendants' offer. On March 11, the trial court granted Avila's application and entered judgment in his favor in the amount of $100,000. Avila filed notice of entry of judgment on March 12. Also on March 12, Avila filed a request for dismissal of the action with prejudice, which the court entered on March 15. On March 16, he served by mail notice of the dismissal.

On March 21, 2024, defendants filed a motion to set aside their section 998 offer and to vacate the court's order entering judgment pursuant to section 473(b). Defendants asserted their offer contained a mistake—a typographical error which added a zero to the intended offer, increasing it from $10,000 to $100,000. They contended Avila recognized the mistake and immediately accepted the offer, even though defendants informed him of the error and retracted the offer shortly after it was sent. Kitta's legal assistant submitted a declaration in support of the motion, declaring: On January 30, Kitta instructed him to call Avila, advise him that defendants would make a counter-offer of $5,000, and inquire whether that number was acceptable.

3

During their conversation, Avila acknowledged that his original offer was too high for defendants to accept and advised that he would not accept $5,000 but would consider an amount above that. The legal assistant immediately reported the content of this discussion to Kitta via phone. Kitta "instructed me to draft and send out a counter-offer of ten thousand dollars. [¶] . . . When drafting the offer, I inadvertently added a zero, making it tenfold. I also inadvertently omitted to include writing numbers." Defendants did not submit an attorney declaration supporting their motion.

Avila opposed the motion. He argued this was "a clear case of buyer's remorse" which is not a basis for relief under section 473(b). He claimed defendants served their offer anticipating Avila would not accept it, and when he did they wanted "to renege" under the guise of mistake. He argued, among many arguments, that the mistake was not excusable because it was conduct which fell below the professional standard of care, and that defendants had not been diligent in seeking relief. He also asserted he had "no inkling" that defendants made a mistake in their offer of $100,000. Avila did not submit a declaration supporting his opposition.

After a hearing, the trial court granted the motion and vacated the offer to compromise and the order of dismissal.[3] In a written order, the court found that defendants "made a reasonable mistake by typing" $100,000 instead of $10,000 and that defendants had "quickly notified Avila of their error." The court concluded defendants' mistake was a typographical error similar to the one in *Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249 (*Zamora*). The court also concluded defendants had been diligent

---

[3] Because the trial court granted defendants' motion, which included a request to vacate the court's order entering judgment, we construe the order as vacating the judgment.

4

in seeking to correct their mistake, reasoning they "notified Avila of their mistake three minutes after receiving Avila's confirmation email" and filed their motion three days after being notified of the order of dismissal.

## II. DISCUSSION

Avila contends the trial court committed various errors in granting defendants' motion for relief pursuant to section 473(b). We reject his contentions.

### A. Section 473(b) and Standard of Review

Section 473(b) provides for two distinct types of relief. (*Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1124 (*Luri*).) The discretionary relief provision provides, "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473(b).) Section 473(b) also contains a provision for mandatory relief, which states, "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client." Section 473(b) must be liberally construed and policy favors that actions be determined on their merits. (*Zamora, supra,* 28 Cal.4th at p. 256.) A ruling on a motion for discretionary relief under section 473(b) is reviewed for abuse of discretion. (*Zamora,* at p. 257.)

5

## B. *Absence of Record of Oral Proceedings*

As an initial matter, defendants argue Avila failed to provide a transcript of the oral proceedings, which warrants dismissal of the appeal. Avila did not respond to this contention in his reply brief. We conclude that the lack of a record of the oral proceedings does not warrant dismissing Avila's appeal.

The record of written documents and the record of oral proceedings "constitute the normal record on appeal." (Cal. Rules of Court, rule 8.120.) A record of the oral proceedings is required "[i]f an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court." (*Id.*, rule 8.120(b).) But a record of the oral proceedings is not always necessary. (See *Chodos v. Cole* (2012) 210 Cal.App.4th 692, 699 [reporter's transcript not needed where the parties did not rely on oral argument and where "we decide a purely legal issue based on the filings before the trial court"]; Cal. Rules of Court, rule 8.130(a)(4).)

Here, Avila elected to proceed without a record of the oral proceedings. Avila did not raise any issue which requires consideration of the hearing on defendants' section 473(b) motion. (See Cal. Rules of Court, rule 8.120(b).) The appellate record contains the briefs and evidence the parties submitted supporting and opposing defendants' motion and the trial court's written order setting forth the bases for its ruling. Neither side relies on the oral argument before the trial court. Even given the abuse of discretion standard, the written record is sufficient to conduct our review. We proceed to the merits of the appeal.

## C. *Trial Court's Jurisdiction*

Avila contends the trial court had no jurisdiction to rule on defendants' motion because the dismissal had not been vacated. We reject his argument.

6

With limited exceptions, voluntary dismissal of an entire action terminates a trial court's subject matter jurisdiction of the matter and personal jurisdiction over the parties. (*Shapell Industries, Inc. v. Superior Court* (2005) 132 Cal.App.4th 1101, 1108.) "California courts have long held that '[e]ven after a voluntary dismissal with prejudice has been filed, the trial court *has jurisdiction* to vacate the judgment of dismissal under . . . section 473.'" (*Zamora, supra*, 28 Cal.4th at pp. 254–255.) Here, the trial court had entered Avila's request for dismissal of the entire action before defendants filed their motion. The court then vacated the dismissal when it granted defendants' motion. Avila concedes that a court retains jurisdiction to set aside a dismissal pursuant to section 473. The court had jurisdiction to vacate the dismissal, it did vacate the dismissal and, therefore, it retained jurisdiction to rule on defendants' motion.

### D. Notice Requirements

Avila argues the trial court erred by granting relief not requested in defendants' motion. Specifically, he contends defendants' motion did not specify which type of relief available under section 473(b) they sought— discretionary or mandatory. We disagree.

A notice of motion must state "the grounds upon which it will be made." (§ 1010; see also Cal. Rules of Court, rule 3.1110(a) [notice must state "the nature of the order being sought and the grounds for issuance of the order"].) As explained above, section 473(b) provides for two distinct types of relief— discretionary and mandatory. (*Luri, supra*, 107 Cal.App.4th at p. 1124.) The discretionary provision is broad in scope while the mandatory provision "narrowly covers only default judgments and defaults that will result in the entry of judgments." (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 838.) A request for relief under the

7

mandatory provision must be " 'accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect.' " (*Id.* at pp. 838–839.)

Here, defendants' motion did not violate notice requirements. Their notice of motion requested relief pursuant to section "473(b) . . . based on mistake, inadvertence and excusable neglect." Section 473(b) does not contain the words "discretionary" or "mandatory" nor does it contain a requirement that a party must identify under which of its provision(s) it is moving. Avila cites no authority that a trial court abuses its discretion if it grants a motion brought pursuant to section 473(b) which does not explicitly identify under which provision(s) of the statute the party is moving. Defendants' notice of motion sought relief based on "mistake, inadvertence and *excusable* neglect." (Italics added.) Only the discretionary provision of section 473(b) contains the phrase "excusable neglect"; the mandatory provision includes neglect but does not require that it be excusable. (§ 473(b).) Further, as Avila repeatedly points out, defendants' motion did not include an attorney's sworn affidavit, so defendants could not rely on, and the court could not grant relief based on, the statute's mandatory provision. (See § 473(b) [mandatory provision requires motion be "accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect"].) Therefore, defendants properly sought relief pursuant only to the discretionary provision of section 473(b).

*Luri, supra,* 107 Cal.App.4th 1119 does not assist Avila. There, the plaintiff moved for discretionary relief pursuant to section 473(b). The motion was accompanied by a declaration from the plaintiff's attorney. The court merely held that when a motion under section 473(b) seeking discretionary relief is accompanied by an attorney declaration suggesting

8

attorney fault, the trial court is not required "to grant relief under the mandatory provision for attorney fault when there is no request for such mandatory relief." (*Luri*, at p. 1121.) The court did not hold that a trial court cannot grant any relief under section 473(b) if the moving party does not specifically identify that it is seeking relief pursuant to the discretionary or mandatory provisions of the statute. While the court emphasized the necessity of a motion's "[s]pecification of issues" (*Luri*, at p. 1125), here defendants' motion specified the statute under which they were moving and the grounds for relief.

The trial court did not err by granting relief pursuant to section 473(b) despite defendants' notice not explicitly stating whether it was made pursuant to the "mandatory" or "discretionary" provision of the statute. Defendants sought, and the court granted, relief pursuant only to the discretionary provision of section 473(b).

### E. Discretionary Relief Under Section 473(b)

We conclude the trial court did not abuse its discretion by granting discretionary relief pursuant to section 473(b).

" 'A party who seeks relief under section 473 on the basis of mistake or inadvertence of counsel must demonstrate that such mistake, inadvertence, or general neglect was excusable because the negligence of the attorney is imputed to his client and may not be offered by the latter as a basis for relief.' [Citation.] In determining whether the attorney's mistake or inadvertence was excusable, 'the court inquires whether "a reasonably prudent *person* under the same or similar circumstances" might have made the same error." ' [Citation.] In other words, the discretionary relief provision of section 473 only permits relief from attorney error 'fairly imputable to the client, i.e., mistakes anyone could have made.' [Citation.] 'Conduct falling below the

9

professional standard of care, such as failure to timely object or to properly advance an argument, is not therefore excusable.' " (*Zamora, supra*, 28 Cal.4th at p. 258.)

"The party seeking relief under section 473 must also be diligent. [Citation.]  Thus, an application for relief must be made 'within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken.'  ([§ 473(b)].)" (*Zamora, supra*, 28 Cal.4th at p. 258.) What constitutes a "reasonable time" within the meaning of section 473(b) depends upon the circumstances of each case and is a question of fact for the trial court.  (*Minick v. City of Petaluma* (2016) 3 Cal.App.5th 15, 33.)

"Where the mistake is excusable and the party seeking relief has been diligent, courts have often granted relief pursuant to the discretionary relief provision of section 473 if no prejudice to the opposing party will ensue. [Citations.]  In such cases, the law 'looks with [particular] disfavor on a party who, regardless of the merits of his cause, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary.' " (*Zamora, supra*, 28 Cal.4th at p. 258.)

Here, defendants' mistake was excusable.  The trial court concluded, and we agree, that *Zamora, supra*, 28 Cal.4th 249 is on point.  There, in typing an offer to compromise, an attorney's legal assistant typed "the word 'against' instead of the phrase 'in favor of,' " such that the document offered "to settle the matter for a judgment *against* the attorney's client." (*Id.* at p. 252.)  The Supreme Court affirmed the Court of Appeal, which had concluded that the trial court did not abuse its discretion in granting a motion to set aside the ensuing judgment pursuant to the discretionary relief provision of section 473(b).  (*Zamora*, at pp. 253, 261)

So too here, any reasonably prudent person could have made this typographical mistake. Kitta's legal assistant declared that Kitta had instructed him to draft an offer for $10,000 and when drafting the offer he inadvertently added a zero. The erroneous addition of one extra zero when typing the offer amount was "a clerical or ministerial mistake that could have been made by anybody." (*Zamora*, *supra*, 28 Cal.4th at p. 259.) While the mistake may have appeared obvious had the legal assistant also spelled out the numbers, we cannot conclude that the failure to do so is inexcusable. Contrary to Avila's contention, this is not a situation involving inexcusable conduct which fell below the professional standard of care. (See *id*. at p. 258 [conduct falling below the professional standard of care is not excusable]; *Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 231–232 [trial court did not abuse its discretion in denying relief under section 473(b) where the attorney's conduct was inexcusable—the attorney gave his paralegal the task of preparing the opposition to the summary judgment motion when, ultimately, the responsibility was his, and he was responsible for supervising the paralegal's work].)[4] We reject Avila's contention that the absence of an attorney affidavit "shuts the door for discretionary relief under [section] 473(b)." As we discussed, the legal assistant's declaration demonstrates excusable mistake.

Avila also focuses on the particulars of the email which sent the offer. That Kitta emailed the offer to Avila and explained the rationale for the offer in the body of the email does not change the conclusion that the mistake was

---

[4] Avila's discussion of *Xuefeng Huang v. Baolin Ge* (N.D.Cal. Dec. 18, 2020, No. 19-CV-02132-LHK) 2020 U.S. Dist. LEXIS 239938 is not relevant to our determination whether the trial court abused its discretion. Further, Avila did not submit a proper request for judicial notice in this court. (See Cal. Rules of Court, rule 8.252(a).)

excusable. Kitta's email did not reference the offer amount. The document which contained the erroneous $100,000 offer was an attachment to the email. That Kitta sent the email does not constitute evidence that he drafted the offer or reviewed it. "While counsel's failure to review the document before sending it out was imprudent, we cannot say that his imprudence rendered the mistake inexcusable under the circumstances." (*Zamora*, *supra*, 28 Cal.4th at p. 259.)

Additionally, defendants were diligent in seeking relief. After Kitta emailed Avila the offer, Avila replied just over one hour later advising he accepted the offer. *Three minutes later*, Kitta replied to Avila that he "just discovered a clerical error" in his offer and explained the offer was meant to be "$10,000, not $100,000." Kitta explained he "would not make a higher counter offer." However, Avila filed the offer to compromise and notice of acceptance, obtained entry of judgment in his favor, and dismissed the action. Defendants filed the underlying motion only 10 days after the trial court entered judgment, less than one week after the court entered the request for dismissal, and within days of Avila serving notice of entry of the dismissal. This timing is reasonable and within the parameters of section 473(b). (See § 473(b) [request for discretionary relief "shall be made within a reasonable time, in no case exceeding six months," after the judgment or dismissal].)

We reject Avila's brief assertion that he was prejudiced. He states that when he accepted defendants' offer he stopped gathering evidence and preparing for trial, which was set to commence six months later. Avila does not demonstrate, though, that he will not have the opportunity to do so as this case proceeds. Further, we find it hard to believe that Avila did not know, or at least suspect, that the $100,000 offer was a mistake. About two weeks before defendants' offer, Avila had offered to settle for $40,000 with

12

judgment entered in his favor. During a subsequent phone conversation, defendants' legal assistant advised Avila that defendants were willing to offer $5,000 and inquired whether Avila would accept. Yet when defendants submitted their written offer later that same day, it was for $100,000—$60,000 more than Avila's prior offer and $95,000 more than what defendants had earlier suggested. Also, Avila was aware the offer was unsigned. When he replied to Kitta and advised that he accepted the offer, Avila asked Kitta to "sign it" and stated, "I will file it after receiving the signed settlement." Yet the following day he filed the unsigned offer and his notice of acceptance, even though Kitta had advised him there was an error and defendants had meant to offer $10,000, not $100,000.[5] Under these circumstances, Avila's "rush to get approval of the settlement" casts "doubt on [his] claim of innocence." (*Zamora, supra*, 28 Cal.4th at p. 259.) We are unpersuaded by his contention that comparing the non-monetary terms of each side's offers supports a conclusion that Avila had "no inkling" that defendants made a mistake in their offer.

---

[5] The statement of facts in Avila's opening brief is short and fails to mention that the offer he received was unsigned and that, after he replied to Kitta to accept the offer, Kitta immediately replied, advised Avila of the clerical error, and clarified the offer was meant to be $10,000. We find these omissions concerning. (See *Myers v. Trendwest Resorts, Inc.* (2009) 178 Cal.App.4th 735, 739 [" 'the appellant has the duty to fairly summarize all of the facts in the light most favorable to the judgment' "]; see also Cal. Rules of Court, rule 8.204(a)(2) [opening brief must provide "a summary of the significant facts"].) We also observe that with the exception of one record cite on page 10—which appears to be an error—defendants' brief does not include any citations to the appellate record. (See Cal. Rules of Court, rule 8.204(a)(1)(C) [brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"].)

As did the Supreme Court in *Zamora*, we conclude *Pazderka v. Caballeros Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658 and *Premium Commercial Services Corp. v. National Bank of California* (1999) 72 Cal.App.4th 1493 are distinguishable. (*Zamora*, *supra*, 28 Cal.4th at p. 259.) In those cases, "the Courts of Appeal held that the trial court abused its discretion by setting aside a section 998 settlement because the erroneous omission of a provision for attorney fees and costs was 'not the type of mistake "ordinarily made by a person with no special training or skill." ' (*Pazderka*, at p. 671; see also *Premium Commercial Services*, at pp. 1496–1497.) By contrast, the inadvertent clerical error alleged here is such a mistake." (*Zamora*, at pp. 259–260.) Avila's reliance on *Roden v. Bergen Brunswig Corp.* (2003) 107 Cal.App.4th 620 is also misplaced for the same reason. There, an attorney could not attempt, post-acceptance, to clarify terms of the settlement regarding payment of retirement benefits—an issue created by the attorney's shortcomings in drafting the settlement offer in the first place. (*Id.* at p. 634.) This is distinguishable from the circumstances before us.

Our high court has expressed its confidence that trial courts will exercise their discretionary power under section 473(b) carefully and sparingly. The court stated, "We suspect most, if not all, courts will see through claims of buyer's remorse or breach of contract." (*Zamora*, *supra*, 28 Cal.4th at p. 261.) Avila argues this is a clear case of buyer's remorse, but we are not persuaded. We conclude the trial court did not abuse its discretion by granting relief pursuant to section 473(b).[6]

---

[6] In his reply brief, Avila argues that defendants' failure to include with their motion a copy of the answer or other pleading proposed to be filed provides another basis why they cannot be granted relief under the discretionary provision of section 473(b). (See § 473(b).) We deem this

## III.  DISPOSITION

The May 23, 2024 order granting defendants' motion pursuant to section 473(b) is affirmed.  Defendants are entitled to their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

---

argument forfeited because Avila did not raise it before the trial court and waived because he did not raise it in his opening brief.  (See *Bitner v. Department of Corrections & Rehabilitation* (2023) 87 Cal.App.5th 1048, 1065 [parties forfeit arguments not raised in the trial court]; *Murray & Murray v. Raissi Real Estate Development, LLC* (2015) 233 Cal.App.4th 379, 388–389 [arguments raised for the first time on reply are waived].)

LANGHORNE WILSON, J.


WE CONCUR:


HUMES, P. J.


HILL, J.*


A170579
*Avila v. John N. Kitta & Associates*

---

* Judge of the Superior Court of California, County of San Mateo, assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.