Filed 7/16/25  P. v. Jones CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>RAYMOND JONES,<br><br>　　　Defendant and Appellant. | A171517<br><br>(Alameda County Super. Ct. No. 144961) |

Defendant Raymond Jones appeals from an order of the trial court dismissing a post-judgment motion to strike his firearm enhancements.  On appeal, defendant contends the court abused its discretion because it wrongly believed it lacked jurisdiction to recall his sentence and resentence him, even though it had the jurisdiction to do so sua sponte pursuant to Penal Code section 1172.1.[1]  We conclude the order at issue is not an appealable order and so dismiss this appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2004, a jury convicted defendant of first degree murder (§ 187, subd. (a)), corporal injury to the mother of his child (§ 273.5, subd. (a)), and assault by means likely to produce great bodily injury (§ 245, subd. (a)(1)). As relevant here, the jury also found as to the murder charge that defendant

---

[1]　　　All further undesignated statutory references are to the Penal Code.

1

personally and intentionally discharged a firearm proximately causing death pursuant to section 12022.53, subdivision (d) ("12022.53(d)"). As to the corporal injury charge, the jury found true that defendant personally used a firearm pursuant to section 12022.5, subdivision (a)(1).

The trial court sentenced defendant to an indeterminate term of 25 years to life for the murder and a consecutive indeterminate term of 25 years to life for the section 12022.53(d) enhancement. The court also imposed an aggregate determinate term of 19 years for the remaining counts and other enhancements, although after a resentencing in 2007, the court modified the determinate term to a total term of 11 years, which included a four-year term for the section 12022.5(a)(1) enhancement on the corporal injury conviction.

In August 2024, defendant filed a motion requesting the trial court dismiss his "gun enhancement" pursuant to section 1385. The motion did not specify which firearm enhancement it was directed at. In dismissing the motion for lack of jurisdiction, the court's written order assumed defendant was making his request pursuant to Senate Bill No. 620, which enacted statutory amendments authorizing courts to strike or dismiss gun use enhancements pursuant to section 1385 in the interests of justice at the time of sentencing or resentencing.[2] The court concluded it lacked jurisdiction under Senate Bill No. 620 to consider or rule on the motion because there were no criminal proceedings pending, and the judgment was long final. The court also stated that, even assuming it had jurisdiction, defendant provided

---

[2] Effective January 1, 2018, Senate Bill No. 620 amended sections 12022.5 and 12022.53 to provide: "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law." (§§ 12022.5, subd. (c), 12022.53, subd. (h), as amended by Stats. 2017, ch. 682, §§ 1–2.)

no authority indicating the statutory amendments applied to his case which, again, was long final. Defendant filed this appeal.

## DISCUSSION

Effective January 1, 2024, section 1172.1 was amended to provide that for felony defendants committed to the Department of Corrections and Rehabilitation, "the court may, on its own motion, . . . *at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law*, . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence. Recall and resentencing under this section may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case." (§ 1172.1, subd. (a)(1), as amended by Stats. 2023, ch. 446, § 2.) "[S]ection 1172.1 is a statutory exception to the general rule that ' "once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence." ' " (*People v. Hodge* (2024) 107 Cal.App.5th 985, 992.)

Importantly, however, subdivision (c) of section 1172.1 provides: "A defendant is not entitled to file a petition seeking relief from the court under this section. *If a defendant requests consideration for relief under this section, the court is not required to respond.*" (Italics added.)

Defendant's main contention is that his case must be remanded for resentencing because the trial court did not understand that section 1172.1 provides courts with the discretion to dismiss firearm enhancements sua sponte. But as the People observe, defendant's motion sought relief only

under section 1385 and did not mention or invite the court to recall the sentence pursuant to section 1172.1. In the People's view, because defendant's motion "was predicated solely on section 1385, without any mention of section 1172.1, the court properly treated it as a motion pursuant to section 1385, which it had no jurisdiction to consider." We agree.

"A basic principle of motion practice is that the moving party must specify for the court and the opposing party the grounds upon which that party seeks relief." (*Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1125.) Generally, "an appellate court will not consider claims of error that could have been—but were not—raised in the trial court." (*People v. Vera* (1997) 15 Cal.4th 269, 275.) In this case, defendant acknowledges his motion did not mention section 1172.1, and he fails to address the People's authorities holding that a motion must specify the grounds upon which it is made, and that claims of error on appeal are limited to those raised in the trial court.

Here, the contents of defendant's motion indicated it was a freestanding postjudgment motion pursuant to section 1385. Reasonably viewing the motion as such, and aware of the statutory amendments that pertained to the firearm enhancements in defendant's case (§§ 12022.5, 12022.53; see fn. 3, *ante*), the court properly ruled it had no jurisdiction to consider the motion because the judgment was long final and no criminal proceedings were pending. " '[T]here is no statutory authority for a trial court to entertain a postjudgment motion that is unrelated to any proceeding then pending before the court. . . . In most cases, after the judgment has become final, there is nothing pending to which a motion may attach.' " (*People v. Picklesimer* (2010) 48 Cal.4th 330, 337.)

And pertinent for us as a reviewing court, the trial court's dismissal of that freestanding postjudgment motion is a nonappealable order. "The right

4

to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) "Appeals by criminal defendants are governed by section 1237" (*Loper*, at p. 1159), which as relevant here provides that a defendant may appeal "[f]rom any order made after judgment, affecting the substantial rights of the party" (§ 1237, subd. (b)). Here it bears emphasizing that "[a] trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b)." (*People v. King* (2022) 77 Cal.App.5th 629, 639.)

Because this court has no jurisdiction to review the challenged order (§ 1237, subd. (b)), we dismiss the appeal. Our dismissal, however, is not intended to preclude defendant from presenting an invitation to the trial court to exercise its power to act on its own motion pursuant to section 1172.1. (*People v. Roy* (2025) 110 Cal.App.5th 991, 998.)

**DISPOSITION**

The appeal is dismissed.

_____
Fujisaki, J.

WE CONCUR:

_____
Tucher, P. J.

_____
Petrou, J.

5